**Marisa LAGAMBA, Petitioner,**

v.

**CONSOLIDATION COAL COMPANY and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondent.**

No. 85–1762.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1986.

Decided April 1, 1986.

Ross Maruka (Law Office of Ross Maruka, Fairmont, W.Va., on brief), for petitioner.

David Barnette (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for respondent.

Before WIDENER and CHAPMAN, Circuit Judges and BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

Marisa Lagamba, widow of deceased coal worker, Alexander Lagamba, appeals from the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq,* contending that she was not given the benefit of the interim presumption under 20 C.F.R. § 727.203(a)(1) and (3) and that her husband's death resulted from pneumoconiosis. During the hearing she produced evidence of x-rays that were read positive for the presence of simple coal miner's pneumoconiosis and she presented evidence of a qualifying blood gas study. The ALJ and the Secretary, without invoking the presumption, denied the claim because pathological studies made during a post-mortem examination of the deceased miner's body did not reveal evidence of pneumoconiosis. Since the plaintiff was not given the advantage of the presumption, we remand the case to the Secretary for reconsideration.

I

Alexander Lagamba worked at various times between November 1942 and June 1973 as a coal miner. In 1973 he ceased his coal mine employment with Consolidation Coal Company in order to return to his native Italy. Several months later he returned to the United States and attempted to regain his old job with Consolidation Coal, but he was not rehired. Lagamba died on July 28, 1977, and the death certificate indicated as a cause of death "Acute pulminant hepatitis and viral hepatitis B". An autopsy was performed, and it confirmed the cause of death and reported no evidence of coal worker's pneumoconiosis.

At the hearing, the plaintiff produced x-rays read on December 18, 1973, January 22, 1974, and December 8, 1975, which were found positive for the presence of coal worker's pneumoconiosis. Also introduced were the results of certain arterial blood gas studies; the blood gas study done on April 13, 1977 was found to be qualifying under 20 C.F.R. § 727.203(a)(3). The Administrative Law Judge mentioned the three x-rays, but stated, "These would serve to invoke the interim presumption but for the autopsy performed by Drs. L.A. Guarda and Milton R. Hales on July 28, 1977." The ALJ found that none of the blood gas studies were sufficient to invoke the subsection (a)(3) presumption. He denied the claim based upon the pathology reports.

II

The appellant is entitled to the interim presumptions under 20 C.F.R. § 727.203(a)(1) and (3). The Administrative Law Judge and the Secretary were in error in not giving the appellant the benefit of these interim presumptions. He should have invoked the presumptions and then considered whether these interim presumptions were rebutted by the evidence presented by the defendants, particularly the autopsy report. *See Stapleton v. Westmoreland Coal Company,* 785 F.2d 424 (4th Cir.1986) (en banc).

The Administrative Law Judge found none of the gas studies to be qualifying. However, it is obvious that the gas test performed on April 13, 1977 did qualify under the regulation and would invoke the interim presumption.

This matter is remanded to the Secretary for further consideration. In this consideration the Secretary shall consider the interim presumptions under 20 C.F.R. § 727.203(a)(1) and (3) to be invoked in favor of the appellant, and he shall then consider whether these presumptions have been rebutted by other evidence in the record.

REMANDED.