**Guy N. HAYNES, Petitioner,**

v.

**JEWELL RIDGE COAL CORPORATION and United States Department of Labor Benefits Review Board, Respondents.**

**No. 85–2223.**

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1986.

Decided May 15, 1986.

Deborah K. Garton (Frederick K. Muth; Hensley, Muth, Garton & Hayes, Bluefield, W.Va., on brief), for petitioner.

Michael F. Blair (Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief), for respondents.

Before HALL and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

Guy N. Haynes appeals from an order denying his claim for relief under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.* Because Haynes did not receive the presumption of 20 C.F.R. § 727.203(a)(1) to which he is entitled under *Stapleton v. Westmoreland Coal Company*, 785 F.2d 424 (4th Cir.1986) (en banc), we remand the case to the Secretary for reconsideration.

Haynes worked in the coal mining industry from April 1935 until his retirement at age 65 in August 1978. In a hearing in December 1981 before an Administrative Law Judge, Haynes testified that he had believed that continued work would injure his health and that he could no longer give his employer a satisfactory performance. Specifically, he reported a shortness of breath, a tightness in his chest, and an inability to climb stairs.

In a decision and order issued in January 1983, the ALJ considered Haynes' account together with the results of three pulmonary function studies and three blood gas studies, the opinions of three physicians, and the interpretations advanced in eleven analyses of three conformed X-ray films. The ALJ first found, correctly, that the pulmonary function studies and the blood gas studies did not justify invocation of the presumptions described at § 727.203(a)(2)

or § 727.203(a)(3). Turning to the X-ray evidence, the ALJ weighed the two positive readings of one film against the six negative readings of the same film and the unanimously negative readings of an earlier film and a later film. On the basis of that comparison, the ALJ concluded that Haynes was also not entitled to the presumption described at § 727.203(a)(1). On the final preliminary issue, however, the ALJ reasoned that one of the physician's reports did satisfy the requirement for the presumption set forth at § 727.203(a)(4). Evaluating all of the evidence presented by the parties, the ALJ determined that the employer had failed to refute the presumption and accordingly ordered the award of benefits to Haynes.

The Benefits Review Board reversed this judgment in a decision and order issued in September 1985. The Board could not find substantial evidence to support the ALJ's reading of the physician's opinion and the resulting invocation of the presumption under § 727.203(a)(4), but the Board did not examine the ALJ's analysis of the X-ray readings and decision not to invoke the presumption under § 727.203(a)(1). This court has recently established in *Stapleton v. Westmoreland Coal Company* that that analysis and that conclusion were incorrect. If a single reading of a qualifying X-ray indicates the presence of pneumoconiosis, the (a)(1) presumption is triggered. Conflicting interpretations of the same or different X-rays and distinctions among "A" and "B" readers do not enter into this stage of the proceedings, although those factors—like all relevant evidence—may play a part in determining whether the interim presumption has been rebutted.

Here the Secretary has not yet reviewed the attempted rebuttal. We therefore remand the case for further consideration, in which Haynes will receive the benefit of the presumption at § 727.203(a)(1) and the Secretary will decide whether the presumption has been rebutted by other evidence in the record. *Cf. Lagamba v. Consolidation Coal Co.,* 787 F.2d 172 (4th Cir.1986).

REMANDED.