838 F.2d 466
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard W. LONG, Petitioner,
v.
ITMANN COAL COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, U.S.
Department of Labor, Party-In-Interest.
 No. 84-1865.
 United States Court of Appeals, Fourth Circuit.
 May 19, 1987.
 
 Richard G. Rundle (Rundle & Rundle, on brief), for petitioner.
 Douglas A. Smoot (Jackson, Kelly, Holt & O'Farrell, on brief), for respondent.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and RAMSEY, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Petitioner Bernard Long, a coal miner for forty years, appeals the denial of black lung benefits. Long filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (1982), on February 15, 1979. The case was referred to an administrative law judge (ALJ) for a formal hearing. The ALJ determined that Long could avail himself of the interim presumption of total disability by virtue of qualifying ventilatory studies. See 20 C.F.R. Sec. 727.203(a)(2) (1986). However, the ALJ held the interim presumption to have been rebutted by the preponderance of x-ray evidence, which indicated that Long did not have pneumoconiosis.[1] See id. Sec. 727.203(b)(4). The Benefits Review Board ("the Board") affirmed the ALJ, without discussing the evidence of record, because counsel for Long failed to provide the Board with a legal basis on which to review the ALJ's decision.
 
 
 2
 On appeal to this court, the question is whether the decision of the ALJ is supported by substantial evidence in the record considered as a whole and is consistent with law. See 30 U.S.C. Sec. 932(a) (1982) (incorporating review provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921(b)(3) (1982)); 20 C.F.R. Sec. 802.301 (1986). We hold that the ALJ did decide to deny benefits to Long based on substantial evidence and in accordance with law; accordingly, we affirm.
 
 
 3
 The qualifying ventilatory studies indicate that Long suffers from some pulmonary impairment, but do not establish that the impairment is compensable. Long had a history of tobacco smoking and chewing and had been diagnosed as having chronic obstructive pulmonary disease due to obesity. Several of Long's x-rays were read positive for pneumoconiosis; however, several were read negative, and by B-readers.[2] The ALJ carefully considered the date of each x-ray and the qualifications of each x-ray reader and concluded that the preponderance of the x-ray evidence was negative for pneumoconiosis. In addition, two doctors concluded that Long did not suffer from pneumoconiosis. Both of these doctors had reviewed Long's medical record and performed x-rays and ventilatory tests, and one of them had conducted a physical examination of Long. A record of negative x-rays and medical diagnoses such as this constitutes substantial evidence for denying black lung benefits.
 
 
 4
 Long points out that several of his x-rays were read positive for pneumoconiosis, including films that led the West Virginia Occupational Pneumoconiosis Board to award state black lung benefits, and that his ventilatory studies produced qualifying values. Although these facts are true, they are contravened by the negative x-rays and medical opinions in the record. It is the job of the ALJ to resolve factual disputes such as this, and once a resolution is reached in a procedurally correct manner, this court is statutorily constrained to affirm the ALJ's decision if it is based on substantial evidence.
 
 
 5
 Counsel for Long originally relied on only two legal precedents, Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and Hampton v. United States Department of Labor Benefits Review Board, 678 F.2d 506 (4th Cir.1982) (per curiam). Neither of these decisions goes to the issue in this case, which is the sufficiency of the ALJ's ruling that the x-ray evidence does not prove the existence of pneumoconiosis, and both decisions have been overruled by this court, sitting en banc. See Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir.1986), cert. granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 55 U.S.L.W. 3472 (U.S. Jan. 13, 1987) (No. 86-327). Counsel for Long submitted a supplemental citation, following oral argument, to Haynes v. Jewell Ridge Coal Corp., 790 F.2d 1113 (4th Cir.1986). Haynes, which deals with the quantum of evidence needed to invoke the interim presumption under Sec. 727.203(a)(1), is wholly inapposite in Long's case, since Long concededly had the benefit of the interim presumption.
 
 
 6
 Petitioner having demonstrated no legal errors or lack of substantial evidence for the ALJ's decision, the denial of benefits is
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The regulations define "pneumoconiosis" to mean "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 20 C.F.R. Sec. 727.202 (1986)
 
 
 [2]
 A B-reader is a radiologist who has been certified by or on behalf of the Department of Health and Human Services as an expert in interpreting x-rays like those involved in this case. The opinion of a B-reader may be accorded greater weight by a fact-finder than the opinion of a reader who is not certified at the "B" level