Ernest HAMPTON, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD, Beatrice Pocahontas Coal Company, Old Republic Companies, Respondents.

No. 81–1715.

United States Court of Appeals,
Fourth Circuit.

Argued March 2, 1982.

Decided May 19, 1982.

---

**5.** See note 1 *supra.*

Deborah Garton Gibson, Bluefield, W. Va., Hensley, Muth, Gibson & Hayes, Bluefield, W. Va., on brief, for petitioner.

J. Randolph Query, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for respondents.

Before WIDENER, HALL and SPROUSE, Circuit Judges.

PER CURIAM:

Ernest Hampton appeals a decision of the Benefits Review Board denying his claim for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended. We reverse and remand for an award of benefits.

Hampton worked in coal mines for twenty-four years. In December, 1975, he suffered an occlusion of the left coronary artery which required bypass surgery. Upon returning to work approximately one year later, Hampton was assigned to a tipple as a heater dryer operator, a position which required him to climb six floors several times a day and to clean up spilled coal. This exertion brought on breathlessness and chest tightness. On the advice of his doctor, Hampton retired in June, 1979, and has not worked since.

An administrative hearing was held on Hampton's claim for black lung benefits. To substantiate his claim, Hampton submitted an x-ray which revealed simple pneumoconiosis. This evidence together with Hampton's years in the mines raised the interim presumption of total disability from pneumoconiosis. 20 C.F.R. § 727.-203(a)(1).

In rebuttal, the employer submitted medical records and the report of a medical expert to show that Hampton's disability was the result of his heart condition rather than pneumoconiosis. The medical records, aside from documenting the seriousness of the claimant's cardiac problems, revealed that Hampton first experienced breathlessness and chest pains in the months immediately preceding the diagnosis of his coronary occlusion. In his report, the doctor opined "[i]t would appear that the patient's primary problem is cardiac . . . ." Significantly, this opinion was based upon not only an examination of the claimant and a review of his medical history, but also upon the negative results of ventilatory and blood gas studies. The doctor, however, conceded that Hampton's breathlessness was consistent with both cardiac and pulmonary disease.

The administrative law judge concluded that Hampton's disability was caused by his heart condition rather than pneumoconiosis and therefore did not arise from his coal mine employment. 20 C.F.R. § 727.-203(b)(3). The Benefits Review Board affirmed, specifically upholding the ALJ's consideration of the ventilatory function tests and blood gas studies relied upon by the employer's doctor.

On appeal, Hampton argues that the results of his ventilatory and blood gas studies were erroneously used to rebut the presumption of disability. We agree.

The interim presumption utilizes x-rays, ventilatory studies and blood gas studies to determine the presence of pneumoconiosis. 20 C.F.R. § 727.203(a). A miner with the requisite years of employment is

entitled to the presumption if he demonstrates a qualifying diagnosis from any *one* of these three tests. *id.* Once the presumption arises, the miner's failure to satisfy the remaining tests does not rebut the presumption. *Whitman v. Califano*, 617 F.2d 1055, 1057 (4th Cir. 1980); cf. *Hubbard v. Califano*, 596 F.2d 623 (4th Cir. 1979).

The opinion of the doctor was improper rebuttal evidence because it was partly based upon the nonqualifying tests. As a result, the ALJ's unconditional reliance upon the opinion was erroneous.

■ Viewed in proper perspective, the evidence reveals little more than two possible causes of Hampton's disability. In light of the interim presumption, this showing falls far short of the employer's burden to effectively rule out the causal relationship between Hampton's disability and his coal mine employment. *Rose v. Clinchfield Coal Co.*, 614 F.2d 936 (4th Cir. 1980). We therefore reverse the decision of the Benefits Review Board and remand this case for the payment of benefits to Hampton.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

The majority holds here that a testifying physician may not consider nonqualifying disability tests in forming his expert opinion in this type of case. This holding I think is contrary to the applicable regulations, to the law of this circuit, and to the rules of evidence.

The majority's basis for its decision is the well recognized proposition that a miner need satisfy only one of the medical tests listed in the regulations in order to create an interim presumption of total disability due to black lung disease. 20 C.F.R. § 727.203(a) (1981). As we said in *Whitman v. Califano*, 617 F.2d 1055, 1057 (4th Cir. 1980), "The failure of [the claimant] to satisfy other interim criteria does not establish that he is able to work in coal mines or do comparable work."

Nowhere, however, is it provided that a physician, or even an administrative officer, may not consider nonqualifying tests in arriving at an overall conclusion as to whether the miner has black lung disease or the effect thereof. On the contrary, the applicable regulation, in its very next subsection, .203(b) states:

(b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, *all relevant medical evidence shall be considered.* The presumption [of total disability due to black lung disease] shall be rebutted if: [one of listed circumstances is met]

. . . . .

20 C.F.R. § 727.203(b) (italics added). Aside from the fact that the holding of the majority is directly contrary to the command of the very regulation upon which it relies for its presumption of disability, the effect of the decision is, without statutory or other authority, to make it unjustifiably difficult to rebut an interim presumption of disability due to black lung disease by denying to an examining physician access to nonqualifying tests.

Our decision in *Hubbard v. Califano*, 596 F.2d 623 (4th Cir. 1979), while holding invalid a regulatory inference that nondisability arises from the existence of certain nonqualifying tests, adds:

Our decision does not imply that a trier of fact . . . might not take any negative inference from the failure of X-rays or ventilatory tests to establish total disability under the interim criteria. These facts might be considered by a trier of fact along with all the other evidence in the case and any justifiable inferences taken.

*Id.* at 626, n.2. The only difference in *Hubbard* and the case at hand is that *Hubbard* was decided under the 15-year presumption of 30 U.S.C. § 921(c)(4).

The evidence in question in this case, the results of ventilatory and blood gas studies, of course, is highly relevant. There can be no dispute about this. The physician whose opinion is now in question partly based it upon such studies. Nothing in any regulation or statute that I can find forbids an examining physician from using any relevant physical fact concerning a claimant's

physical condition in arriving at his opinion with regard to that condition.

I suggest that I have thus demonstrated that the holding of the majority is contrary to the applicable regulation, .203(b); to a decision of this circuit; and to the general rules of evidence.[1]

Even the majority opinion implicitly acknowledges that the opinion of the physician involved is substantial evidence to support the denial of liability absent the evidence ruling discussed in its and in this opinion. If that is true, I would be inclined to hold there is substantial evidence to support the decision of the Board and affirm. The very best the claimant can come up with in this case is a remand to ascertain whether his case should be held to have been rebutted under .203(b)(2) or .203(b)(3).

---

1. FRE 402 provides that all relevant evidence is admissible except as otherwise provided by the Constitution, Act of Congress, or rule.