765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARL CLARK, PETITIONER,
v.
UNITED STATES STEEL CORPORATION; LAWRENCE ROGERS, DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS; U.S.
DEPARTMENT OF LABOR; BENEFITS REVIEW
BOARD, RESPONDENTS.
 NO. 84-3512
 United States Court of Appeals, Sixth Circuit.
 5/23/85
 
 ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD
 BEFORE: KENNEDY, and MILBURN, Circuit Judges; GUY, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioner Earl Clark brings this direct action under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921(c), seeking review of the adverse decision of respondent Benefits Review Board denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et. seq. (the 'Act'). The Benefits Review Board affirmed the decision of the administrative law judge (%'alj/') that although the petitioner was entitled to the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(1), the employer had rebutted the presumption under 20 C.F.R. Sec. 727.203(b)(2) by showing that the petitioner is able to do his usual coal mine work. The Board also affirmed the ALJ's decision that petitioner is not eligible for benefits under the regulations found in 20 C.F.R. Part 410.
 
 
 2
 On the date of the hearing, petitioner was sixty-four years old and had last worked in the coal mines at age fifty-nine, having been a coal miner for some forty-two years. The petitioner has never performed any other job than coal mine work. The petitioner testified at the hearing that he had begun to experience shortness of breath two or three years before he quit his job.
 
 I.
 
 3
 Benefits under the Act are awarded to coal miners who are totally disabled within the meaning of the Act due to pneumoconiosis. 30 U.S.C. Sec. 921(a). Pneumoconiosis is a dust disease of the lungs arising from coal mine employment, 30 U.S.C. Sec. 902(b), and is commonly known as black lung. A miner with ten years' qualifying coal mine employment is entitled to an interim presumption of disability due to pneumoconiosis arising out of his coal mine employment if he meets any one of four medical evidentiary requirements. 20 C.F.R. Sec. 727.203(a). A chest x-ray may be used to prove the existence of pneumoconiosis under subsection (a)(1). The interim presumption may also be invoked under subsection (a)(2) through ventilatory studies, under subsection (a)(3) through blood gas studies and under subsection (a)(4) through 'other medical evidence.' After reviewing the evidence, the ALJ determined that the petitioner was entitled to the presumption of total disability under subsection (a)(1), but not under subsections (a)(2), (a)(3) or (a)(4).
 
 
 4
 The interim presumption of disability may be rebutted under section 727.203(b)(2) if, in light of all relevant evidence, the employer establishes that the claimant is able to do his usual coal mining work or comparable and gainful work. The employer may rebut the presumption under this subsection through evidence proving that the only impairment which can cause compensable disability (i.e., a respiratory or pulmonary impairment) is either nonexistent or not totally disabling. The ALJ held that the employer had discharged his burden of rebuttal through the opinion of Dr. Dahhan that, although suffering from simple pneumoconiosis, the petitioner has no ventilatory impairment. Accordingly, the ALJ found that the petitioner was not entitled to benefits under Part 727. The Benefits Review Board affirmed these findings.
 
 
 5
 This court's review of the decision below is limited to determining whether substantial evidence exists in support thereof and whether errors of law were committed. Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 254 (6th Cir. 1983); Haywood v. Secretary of Health and Human Services, 699 F.2d 277, 285 (6th Cir. 1983).
 
 II.
 
 6
 Petitioner argues that the finding by the ALJ that the medical evidence did not establish the presumption of disability under 20 C.F.R. Sec. 727.203(a)(4) is not supported by substantial evidence. However, even assuming that petitioner is correct, any error would be harmless in view of the fact that the ALJ invoked the presumption under subsection (a)(1).
 
 
 7
 The petitioner next argues that permitting the negative, nonqualifying ventilatory study performed by Dr. Dahhan to rebut the presumption of disability created by the positive x-ray evidence represents an impermissible 'bootstrapping' exercise by the ALJ and the Benefits Review Board because, although the petitioner was found to be entitled to the presumption of disability under one of the tests set forth in 20 C.F.R. Sec. 727.203(a), the employer was allowed to rebut this presumption by demonstrating that the petitioner failed to satisfy one of the remaining tests under subsection (a). In our opinion the petitioner is correct in asserting that such a procedure requires a claimant either to establish the presumption by all the tests in subsection (a) or to at least have the positive tests cancel out the negative ones. Such a procedure would effectively defeat the right of any claimant to establish the presumption through meeting any one of the tests under section 727.203(a). Accordingly, we agree with the Fourth Circuit that '[o]nce the presumption arises, the miner's failure to satisfy the remaining tests does not rebut the presumption.' Hampton v. United States Department of Labor Benefits Review Board, 678 F.2d 506, 508 (4th Cir. 1982). See also Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346, 348 (4th Cir. 1984).
 
 
 8
 This conclusion does not, however, end our inquiry, because we also agree with Judge Widener's dissent in Hampton, supra, where he stated that, although the failure to satisfy other interim criteria does not establish that a claimant is able to work in coal mines or do comparable work:
 
 
 9
 Nowhere, however, is it provided that a physician, or even an administrative officer, may not consider nonqualifying tests in arriving at an overall conclusion as to whether the miner has black lung disease or the effect thereof.
 
 
 10
 678 F.2d at 508 (Widener, J., dissenting). As Judge Widener pointed out, the regulations expressly state that in adjudicating a claim of rebuttal, all relevant medical evidence shall be considered. 20 C.F.R. Sec. 727.203(b).
 
 
 11
 Therefore in our view, although it is error for the ALJ to use nonqualifying tests as the sole basis for a finding of rebuttal, it is permissible for the physician or the ALJ to use such tests as a part of the inquiry. Applying this principle to the case at bar, we find no error.
 
 
 12
 In analyzing whether the employer had rebutted the presumption established by the x-ray evidence, the ALJ noted the following: (1) that Dr. Dahhan's review of the spirometer tests indicated that the claimant has no ventilatory impairment; (2) that Dr. Saha's ventilatory test produced a non-qualifying FEV1 value and (3) that Dr. Pellegrini's opinion of total disability is not persuasive evidence that the claimant either does or does not have the respiratory or pulmonary capacity to perform the duties of a shuttle car operator. The ALJ then stated as follows:
 
 
 13
 I find that the weight of the above-noted evidence indicates that Employer has discharged his burden of rebuttal by Dr. Dahhan's opinion that Claimant has no ventilatory impairment. [emphasis supplied].
 
 
 14
 Two points are important in analyzing the ALJ's finding. First, although Dr. Dahhan relied in part on nonqualifying ventilatory tests, the record shows that he examined the petitioner and conducted an x-ray examination as well. Second, the ALJ did not simply cite Dr. Dahhan's nonqualifying spirometer tests, but rather relied on Dr. Dahhan's opinion, based in part on the tests, that the petitioner has no ventilatory impairment. This opinion provides substantial evidence to support a finding that the petitioner is not totally disabled by black lung disease from engaging in his usual coal mining work.
 
 III.
 
 15
 Because petitioner's claim was filed before the effective date of the Part 727 regulations, the ALJ also reviewed the claim under the regulations found in Part 410. See Ramey v. Kentland Elkhorn Coal Corp., Nos. 84-3063 and 84-3128, ---- F.2d ----, slip op. at 9 (6th Cir. Feb. 19, 1985). The ALJ determined that under 20 C.F.R. Sec. 410.414 the x-ray evidence established simple pneumoconiosis and under 20 C.F.R. Sec. 410.416 the petitioner was entitled to the presumption that his pneumoconiosis arose out of his coal mine employment. The ALJ then found that, for the same reasons stated pursuant to rebuttal under 20 C.F.R. Sec. 727.203(b)(2), the evidence did not establish a totally disabling respiratory or pulmonary impairment.
 
 
 16
 The petitioner argues that the ALJ erred in relying solely on a medical assessment in finding the presumption of disability rebutted because an evaluation under Part 410 must be based on vocational factors, citing Haywood v. Secretary of Health and Human Services, 699 F.2d 277 (6th Cir. 1983). However, petitioner understandably misconstrues the interplay between Parts 727 and 410 as they apply to this case.
 
 
 17
 The Black Lung Benefits Act contains two distinct compensation programs: Part B and Part C. See Ramey, supra, slip op. at 8. Petitioner's claim falls under Part C because it was filed after December 31, 1973. See 30 U.S.C. Sec. 931. Although Part C claims are adjudicated under the Part 727 regulations, the ALJ analyzed petitioner's claim under the Part 410 regulations, which apply to Part B claims, because the claim was filed before the promulgation of the Part 727 regulations. See generally Ramey, supra, slip op. at 8-11. This does not, however, effectuate the transferral of the evidentiary rules applicable to Part B cases to petitioner's Part C claim. Id. Thus, we held in Ramey that Haywood does not apply to Part C claims and therefore a demonstration of no vocational disability is not a requirement to a finding of rebuttal in a Part C claim analyzed under the Part 410 regulations. Accordingly, in the instant case, the ALJ did not err in finding rebuttal based on the medical evidence alone.
 
 IV.
 
 18
 For the reasons hereinbefore stated, the decision of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 The Honorable Ralph B. Guy, Jr. Judge, United States District Court for the Eastern District of Michigan, sitting by designation