804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen THOMASON, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Benefits Review Board and
United Pocahontas Coal Company, Respondents.
 No. 84-2256.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1986.
Decided Oct. 31, 1986.
 
 Frederick K. Muth, Deborah K. Garton, Hensley, Muth, Garton & Hayes on brief, for appellant.
 McGinnis E. Hatfield, Jr. on brief, for appellee.
 Ben.Rev.Bd.
 AFFIRMED
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glen Thomason appeals a decision of the Benefits Review Board of the United States Department of Labor (BRB) denying his claim for black lung disability benefits under 30 U.S.C. Sec. 901 et seq. He challenges the substantiality of the evidence to support the decision of an Administrative Law Judge (ALJ), affirmed by the BRB, that his employer's medical evidence of non-disability had effectively rebutted the interim presumption of compensable disability which had been invoked by proof that as a miner with at least ten years coal mine employment, he had pneumoconiosis. On this appeal, submitted by stipulation of the parties on the written briefs without oral argument, we affirm.
 
 
 2
 Thomason is a former coal mine employee who filed claim for black lung disability benefits in January of 1981. The ALJ who heard his claim ruled that he had effectively invoked the interim presumption of compensable disability by establishing by x-ray readings that he had pneumoconiosis and had worked in coal mine employment for around 41 years. See 20 C.F.R. Sec. 727.203(a). But the ALJ then concluded that the interim presumption had been effectively rebutted by medical opinion evidence which established that Thomason was not totally disabled by any respiratory or pulmonary impairment. See 20 C.F.R. Sec. 727.203(b). On this basis, benefits were denied by the ALJ's decision which was then affirmed by the BRB in review. We agree with the BRB's decision that the ALJ's denial of benefits was supported by substantial evidence and was not otherwise erroneous.
 
 
 3
 Thomason's challenge to the BRB decision is centered on the fact that the medical opinion evidence of non-disability on which the claim was denied relied in part on "non-qualifying" blood gas studies. He contends that this violated the rule against such use of non-qualifying ventilatory studies established by this court in Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346 (4th Cir.1984) and Hampton v. United States Department of Labor Benefits Review Board, 678 F.2d 506 (4th Cir.1982).
 
 
 4
 This legal challenge fails on the authority of Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) (en banc), which specifically overruled Whicker and Hampton on the dispositive issue.
 
 
 5
 Because the medical opinion evidence of non-total disability was therefore properly relied upon by the ALJ to rebut the interim presumption and deny Thomason's claim, we affirm the BRB decision.
 
 
 6
 AFFIRMED.