813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter S. MOORE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 84-1822.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 28, 1986.
Decided Nov. 13, 1986.
 
 Before HALL, PHILLIPS and SPROUSE, Circuit Judges.
 Stephen E. Arey, Stephen E. Arey, P.C., on brief, for petitioner.
 Francis X. Lilly, Solicitor of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Attorney, United States Department of Labor, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Walter S. Moore, a 55 year old coal miner, petitions for review of an order of the Benefits Review Board [BRB, or "the Board"] affirming an administrative law judge's [ALJ] denial of his claim for black lung disability benefits. Moore sought benefits under the federal Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 The ALJ found that Moore had established the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1),[1] but held that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2).[2] Accordingly, the ALJ concluded that Moore was not entitled to benefits.
 
 
 3
 The sole issue before this Court is Moore's argument that the ALJ's reliance on nonqualifying test reports and studies in arriving at his findings and conclusions was contrary to the law of this Circuit, under Hampton v. United States Department of Labor, Benefits Review Board, 678 F.2d 506 (4th Cir.1982), and Whicker v. United States Department of Labor, Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and that the BRB erred in affirming the ALJ's use of such data. Moore contends that the ALJ based his decision primarily upon the opinion of Dr. James R. Castle, a specialist in pulmonary disease and testing, who reported that Moore demonstrated "absolutely no evidence of pulmonary impairment, based upon the results of pulmonary function studies and blood gas studies." These studies, which are "nonqualifying" in the sense that their results tend to show that Moore was not suffering pneumoconiosis to the extent of being totally disabled, are argued by Moore to be improper rebuttal evidence according to Hampton and Whicker. Moore makes the same objection to the expert opinions of doctors R.S. Buddington, Ralph J. Jones, W.G. Hayes, and Lugenio Z. Claustro, which were likewise based on nonqualifying tests and studies and which were considered by the ALJ as rebuttal evidence.
 
 
 4
 This same issue was recently addressed by this Court's en banc decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986).[3] In Stapleton we expressly overruled Whicker and Hampton, holding that all medical evidence, including nonqualifying test results, must be considered in determining whether the interim presumption has been rebutted. 785 F.2d at 427.
 
 
 5
 Despite being given the opportunity so to do, Moore has made no attempt to argue that his appeal has any validity after Stapleton. Upon consideration of the record and briefs, we believe that such an effort would be futile in any event. We also conclude that the facts and legal arguments are adequately presented in the briefs and the record and that the decisional process would not be significantly aided by oral argument; additionally, the dispositive issue has been recently decided authoritatively. Accordingly, we dispense with oral argument pursuant to Rule 34(a), FRAP, and Local Rule 34(a), and we affirm the order of the BRB.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Section 727.203 Interim presumption
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428 of this title)....
 
 
 [2]
 Section 727.203(b) provides in pertinent part:
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (1) of this section shall be rebutted if:
 .....
 (2) In light of all relevant evidence, it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 [3]
 Moore's appeal was held in abeyance pending the decision in Stapleton