806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl ESKINS, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION, Respondent,
and
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Party in Interest.
 No. 85-2080.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1986.
Decided Nov. 26, 1986.
 
 S.F. Raymond Smith, United Mine Workers of America, District 29 Benefits Services Fund, on brief, for petitioner.
 George D. Blizzard, II, Shaffer & Shaffer, on brief, for respondent.
 Before HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl Eskins petitions for review of an order of the Benefits Review Board (BRB) affirming the Administrative Law Judge's (ALJ's) denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901, et seq. The facts and legal arguments are adequately presented in the parties' briefs and the record on appeal, the dispositive issue has been recently decided authoritatively, and the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with oral argument under Rule 34(a), Fed.R.App.P., and Local Rule 34(a), and affirm the order of the Benefits Review Board.
 
 
 2
 This Court's review of the BRB's order is governed by Sec. 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921 ("the Act"); 30 U.S.C. Sec. 932(a). We ruled quite recently that "the Board's resolution of questions of statutory construction or application of the Act to the particular facts of a case must be upheld if supported by a reasonable factual and legal basis." Eplion v. Director, --- F.2d ---- (4th Cir., June 25, 1986) (No. 85-1823), slip op. at 2.
 
 
 3
 The Board must affirm the factual findings of the ALJ if they are supported by substantial evidence and are in accordance with the law. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.301; Eplion v. Director, slip op. at 2; Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985). Here the Board found substantial evidence to support the ALJ's conclusion that the interim presumption of total disability had been invoked and rebutted, and that petitioner was not disabled from a pulmonary standpoint.
 
 
 4
 After 41 years' employment in the nation's coal mining industry, where he was continually exposed to coal dust, Eskins quit work in 1979 and filed for disability benefits under the Act; his claim was initially approved. However, his employer controverted the award of benefits and the matter proceeded to a hearing before the ALJ, who found that while Eskins was entitled to the interim presumption of total disability[1] based upon expert interpretations of three chest x-rays, two of which were positive and the third negative for the presence of pneumoconiosis, the presumption was effectively rebutted[2] by (i) the expert testimony of an examining physician and (ii) evidence of clinical tests that were negative for the presence of pneumoconiosis.
 
 
 5
 The principal medical evidence before the ALJ consisted of the depositions of Anthony C. Dougherty, M.D., and John M. Daniel, M.D.; two non-qualifying blood gas studies; two non-qualifying pulmonary function studies; and the three x-ray interpretations referred to previously. The ALJ was thus confronted with the task of determining facts from conflicting evidentiary sources and from those facts extrapolating whether Eskins was able to perform his usual coal mine work or comparable, gainful work.
 
 
 6
 The ALJ found, and the record amply supports, that the combined effect of the two non-qualifying ventilatory studies, the two non-qualifying blood gas studies, and the other medical evidence--here, Dr. Dougherty's expert opinion that Eskins was "in no way disabled from ... a pulmonary standpoint...."--effectively rebutted the interim presumption and, further, established that Eskins was not totally disabled due to pneumoconiosis. Consequently, the ALJ rejected Eskins's claim for black lung benefits; the Board affirmed.
 
 
 7
 On appeal, Eskins argues that Dr. Dougherty's opinion was either factually, or legally, insufficient for a rejection of his claim. Clearly, the record before the Board and before this Court on appeal supports by substantial evidence the ALJ's factual findings. Accordingly, this avenue of appellate attack fails.
 
 
 8
 In support of his contention that the ALJ erred in relying partially upon the non-qualifying pulmonary functions tests and non-qualifying blood gas studies, Eskins cites Whicker v. Department of Labor Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and Hampton v. Department of Labor Benefits Review Board, 678 F.2d 506 (4th Cir.1982). This same issue was recently addressed in this Court's en banc decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986). In Stapleton we expressly overruled Whicker and Hampton, holding that all medical evidence, including non-qualifying test results, must be considered in determining whether the interim presumption has been rebutted. 785 F.2d at 427. Such is precisely the process the ALJ followed in adjudicating Eskins's claims. This Court accorded the parties an opportunity to supplement their briefs in light of the Stapleton opinion; no supplemental briefs were filed.
 
 
 9
 Finding that Stapleton effectively disposes of Eskins's case on appeal, the decision of the Benefits Review Board is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 20 C.F.R. Sec. 727.203(a) establishes a rebuttable presumption, frequently referred to in black lung cases as the "interim presumption," that an applicant for black lung benefits under the Act will be deemed totally disabled due to pneumoconiosis arising out of his employment in the coal industry provided the applicant can establish (i) that he was employed in coal mining, (ii) for at least ten years, and (iii) that he exhibits evidence of pneumoconiosis based upon any one or more of the following clinical evaluations: (a) lung x-ray interpretations, (b) lung ventilatory measurements, (c) blood gas studies, or (d) other medical evidence
 
 
 [2]
 The interim presumption of total disability is rebuttable, under 20 C.F.R. Sec. 727.203(b), provided the evidence establishes that (i) the applicant is still performing his usual coal mining work or comparable, gainful work; (ii) he is able to perform his usual coal mining work or comparable, gainful work; (iii) his death or disability did not arise in whole or in part out of coal mine employment; or (iv) he does not have pneumoconiosis