808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack B. HALE, Petitioner,
v.
JEWELL SMOKELESS COAL COMPANY and Benefits Review Board, Respondents.
 No. 85-1065.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1986.
Decided Dec. 17, 1986.
 
 Before RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 Stephen E. Arey, Stephen E. Arey, P.C., on brief, for petitioner.
 Mark E. Solomons, Kilcullen, Wilson & Kilcullen, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Jack B. Hale petitions for review of an order of the Benefits Review Board [BRB, or "the Board"] affirming an administrative law judge's [ALJ] denial of his claim for black lung disability benefits. Hale sought benefits under the federal Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 The ALJ found that Hale had established the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1),[1] but held that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2).[2] Accordingly, the ALJ concluded that Hale was not entitled to benefits.
 
 
 3
 The sole issue before this Court is Hale's contention that the ALJ erred in basing his rebuttal decision on the medical reports of Richmond S. Buddington, M.D., and F.L. Gargou, M.D., because their reports were based on non-qualifying tests,[3] in violation of Whicker v. United States Department of Labor, Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and Hampton v. United States Department of Labor, Benefits Review Board, 678 F.2d 506 (4th Cir.1982).
 
 
 4
 This same issue was recently addressed by this Court's en banc decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986).[4] In Stapleton we expressly overruled Whicker and Hampton, holding that all medical evidence, including nonqualifying test results, must be considered in determining whether the interim presumption has been rebutted. 785 F.2d at 427.
 
 
 5
 Despite being given the opportunity so to do, Hale has made no attempt to argue that his appeal has any validity after Stapleton. Upon consideration of the record and briefs, we believe that such an effort would be futile in any event. We also conclude that the facts and legal arguments are adequately presented in the briefs and the record and that the decisional process would not be significantly aided by oral argument; additionally, the dispositive issue has been recently decided authoritatively. Accordingly, we dispense with oral argument pursuant to Rule 34(a), FRAP, and Local Rule 34(a), and we affirm the order of the BRB.
 
 
 6
 AFFIRMED.
 
 
 7
 FN1 Section 727.203 Interim presumption.
 
 
 8
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:
 
 
 9
 (1) A chest reoentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428 of this title)....
 
 
 10
 FN2 Section 727.203(b) provides in pertinent part:
 
 
 11
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (1) of this section shall be rebutted if:
 
 
 12
 .....
 
 
 13
 (2) In light of all relevant evidence, it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 14
 FN3 A "non-qualifying" test is merely one insufficient to invoke the interim presumption; see n. 1, supra.
 
 
 15
 FN4 Hale's appeal was held in abeyance pending the decision in Stapleton, and the parties were invited to address Stapleton in supplemental briefs; the invitation was declined.