822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brice M. VIERS, Petitioner,
v.
CLINCHFIELD COAL CO.; Director, Office of Workers'
Compensation Programs; United States Department
of Labor, Respondent.
 No. 86-3843.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1987.
Decided June 17, 1987.
 
 Ben.Rev.Bd.
 AFFIRMED.
 On Petition for Review of an Order of the Benefits Review Board.
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 Charles Randall Lowe (Yeary, Tate & Lowe, P.C., on brief), for petitioner.
 Michael Francis Blair (Penn, Stuart, Eskridge & Jones, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Petitioner Brice M. Viers petitions for reversal of an ALJ's decision denying his claim for black lung benefits and seeks remand for a second evidentiary hearing because the ALJ failed to invoke the interim presumption as required by Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (1986), cert. granted sub. nom., Mullins Coal Co. v. Director, OWCP, 55 U.S.L.W. 3472 (U.S. Jan. 13, 1987) (No. 86-327). Because the ALJ properly found in the alternative that even if the interim presumption had been invoked the evidence was sufficient to rebut it, we affirm.
 
 
 2
 Viers's claim was considered by the ALJ and the BRB before this court handed down its decision in Stapleton. Under Stapleton the ALJ would have been required to invoke the interim presumption in favor of Viers because Viers had at least one qualifying x-ray. The ALJ would then have been required to consider all of the evidence before him in determining whether Viers's employer had rebutted the presumption.
 
 
 3
 Following the cases overruled by Stapleton, Whicker v. Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and Hampton v. Benefits Review Board, 678 F.2d 506 (4th Cir.1982), however, the ALJ followed a different procedure. He reviewed the medical evidence, which consisted of x-rays, pulmonary function studies, blood gas studies, and physician's opinions, and determined that the evidence was insufficient to invoke an interim presumption of disability under 20 C.F.R. Sec. 727.203(a). Accordingly, the ALJ ruled that Viers had failed to meet his burden of proving that he was totally disabled by pneumoconiosis caused by his coal mine employment.
 
 
 4
 If the ALJ had gone no further in his analysis, a remand for re-evaluation of Viers's claim under the mandate of Stapleton might be appropriate. However, the ALJ went on to hold that even if the interim presumption had been invoked, the totality of the evidence would rebut it because the evidence failed to show that Viers's coal mine employment had caused a totally disabling respiratory impairment. Thus the ALJ ultimately did exactly what Stapleton requires--he invoked the presumption and then determined whether the totality of the evidence rebutted that presumption. A remand would only force the ALJ to do this a second time.
 
 
 5
 There being no procedural error requiring a remand, the only remaining question is whether the ALJ's holding that the presumption was rebutted is supported by substantial evidence. Zbosnik v. Badger Coal, 759 F.2d 1187, 1190 (4th Cir.1985). The record contains three negative x-rays, several nonqualifying ventilatory studies, two nonqualifying blood gas studies, and the opinions of at least two physicians, one of whom treated Viers, that Viers did not have disabling pneumoconiosis. This evidence is more than sufficient to support the ALJ's decision. We therefore affirm.
 
 
 6
 AFFIRMED.