828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert GILLESPIE, Petitioner,
v.
BADGER COAL COMPANY and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 85-1335
 United States Court of Appeals, Fourth Circuit.
 Submitted January 7, 1987.
Decided August 21, 1987.
 
 C. Patrick Carrick, Law Offices of Ross Maruka, on brief, for petitioner.
 Laura E. Beverage, Jackson Kelly, Holt & O'Farrell, on brief, for respondent.
 Before WILKINSON, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Gillespie petitions for review of the Order of the Benefits Review Board affirming the Administrative Law Judge's denial of his claim for black lung benefits. The case was decided below and briefed for appeal before this court's decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), cert. granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Program, 107 S. Ct. 871 (1987). No supplemental briefs have been filed, and the parties have waived oral argument. We now affirm.
 
 I.
 
 2
 Gillespie worked in the coal mines for over thirty years. In 1975, he suffered a serious work-related injury and later retired on his physician's advice after attempting to return to work. Gillespie filed a claim for black lung benefits, and the ALJ invoked the interim presumption under Sec. 727.203(a)(1) on the basis of positive x-rays and a stipulation by Badger. The ALJ denied benefits, however, finding that the employer had rebutted the presumption of eligibility by showing that Gillespie is not totally disabled because of pulmonary or respiratory impairment. The BRB agreed with this finding in its decision.
 
 II.
 
 3
 Our task is to determine whether the findings of the ALJ, as affirmed by the BRB, are supported by substantial evidence and in accordance with the law. Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir. 1985). In this case, the focus is on rebuttal evidence under Sec. 727.203, for invocation of the interim presumption is conceded. The ALJ chose to credit the medical opinion of Dr. Pushkin over that of Dr. Arnett. That decision is supported by substantial evidence in the record and adequately explained by the ALJ.
 
 
 4
 Dr. Pushkin examined Gillespie in June 1979 and concluded that there was no evidence of a pulmonary or respiratory impairment. Dr. Arnett examined Gillespie in September 1979 and reported that 'from all considerations it seems to me that [Gillespie] can be considered disabled from his usual job.' The ALJ noted that several ventilatory tests had been performed and all delivered nonqualifying values. Two of the tests reported values far in excess of the values fixed n the regulations for invocation of the interim presumption.
 
 
 5
 Of the four blood gas tests taken, two delivered qualifying values, but only minimally. Later tests, in 1978 and 1979, revealed nonqualifying values, and Dr. Arnett, the attending physician on the 1978 test, specifically interpreted the 1978 test results as normal. Dr. Pushkin also had Gillespie perform an exercise tolerance test, which he finished without incident. The doctor reported that Gillespie experienced no unusual shortness of breath and that his recovery was normal.
 
 
 6
 Gillespie asserts that the ALJ should have rejected Dr. Pushkin's opinion because of an inconsistency in his report. In explaining his physical examination of the claimant, Dr. Pushkin noted a 'minimal impairment of breath sounds over both lung fields with minimal impairment of his ability to potentiate his breath founds.' Later in the report, the doctor concluded that there was 'no evidence' of a respiratory or pulmonary impairment.
 
 
 7
 As the BRB held, the ALJ could have reasonably found that the overall medical documentation on which Dr. Pushkin relied supported his diagnosis and medical conclusion. The small inconsistency, if it is one, did not necessitate rejection of the doctor's report or opinion.
 
 
 8
 Dr. Arnett has been Gillespie's treating physician since 1976, but given the equivocal nature of the doctor's opinion and the wealth of probative medical evidence indicating that Gillespie does not suffer from a pulmonary or respiratory impairment, we see no error in the ALJ's finding of rebuttal under Sec. 727.203(b)(2).
 
 III.
 
 9
 There is no merit in Gillespie's contention that the ALJ should have rejected Dr. Pushkin's report because he relied on the nonqualifying ventilatory and blood gas tests in reaching his conclusion. Gillespie cites Whicker v. Department of Labor Benefits Review Board, 733 F.2d 346 (4th Cir. 1984) and Hampton v. Department of Labor Benefits Review Board, 678 F.2d 506 (4th Cir. 1982) for support, but the en banc court expressly overruled these cases in Stapleton. The court held that all relevant medical evidence, including nonqualifying test results, must be considered in determining whether the employer has rebutted the interim presumption. Stapleton, 785 F.2d at 427. The doctor's consideration of the nonqualifying test results was entirely appropriate, and the ALJ properly considered all relevant medical evidence in deciding this case.
 
 
 10
 AFFIRMED.