838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger ACORD, Petitioner,
v.
EASTERN ASSOCIATED COAL COMPANY, Respondent.
 No. 85-2314.
 United States Court of Appeals, Fourth Circuit.
 Oct. 5, 1987.
 
 Richard G. Rundle, Rundle and Rundle, on brief, for petitioner.
 Anthony J. Cicconi, Shaffer and SHaffer, on brief, for respondent.
 Before WIDENER, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roger Acord, a 66-year old coal miner, petitions for review of an order of the Benefits Review Board [BRB, or "the Board"] affirming a decision by an administrative law judge [ALJ] denying his application for black lung disability benefits available to certain disabled miners under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945 [the Act], and regulations adopted thereunder. We affirm.
 
 
 2
 The ALJ found that Acord had established the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1),[1] but held that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2).[2] Accordingly, the ALJ concluded that Accord was not entitled to benefits. The BRB affirmed that conclusion.
 
 
 3
 The sole issues before this Court are Acord's arguments that the ALJ's reliance on non-qualifying test reports and studies in arriving at his findings and conclusions is contrary to the law of this Circuit under Hampton v. United States Department of Labor, Benefits Review Board, 678 F.2d 506 (4th Cir.1982), and Whicker v. United States Department of Labor, Benefits Review Board, 733 F.2d 346 (4th Cir.1984), and that the BRB erred in affirming the ALJ's use of such data. These studies, which are "non-qualifying" only in the sense that their results produced clinical values which are above the values specified in the tables appearing at 20 C.F.R. Secs. 727.203(a)(2) and (a)(3), were interpreted by five examining physicians as showing that Acord suffered no significant respiratory or pulmonary impairment.
 
 
 4
 In Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) (en banc), cert. granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 55 U.S.L.W. 3463 (U.S. Jan. 12, 1987) (No. 86-327), we expressly overruled Hampton and Whicker, and held that with respect to the rebuttal of a presumption established under Sec. 727.203(a), "all relevant medical evidence must be considered and weighed, including but not exclusively, non-qualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked." 785 F.2d at 427 (emphasis in original).
 
 
 5
 The ALJ considered all the evidence pertaining to Acord's claim of disability due to pneumoconiosis, including a finding by the West Virginia Occupational Board that he suffered a 15% work capacity impairment, but he concluded that Acord had not been shown to be totally disabled and that he was not, therefore, eligible for black lung benefits.
 
 
 6
 The Board's scope of review of the ALJ's decision and order is governed by statute and regulation:
 
 
 7
 The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings and conclusions may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 8
 20 C.F.R. Sec. 802.301; 33 U.S.C. Sec. 921(b)(3). Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir.1984); see also Zbosnik v. Badger Co., 759 F.2d 1187, 1189 (4th Cir.1985).
 
 
 9
 Here the Board found substantial evidence to support the ALJ's findings and conclusions that the interim presumption of total disability had been invoked and rebutted, and that Roger Acord was not totally disabled due to coal worker's pneumoconiosis.
 
 
 10
 On review of the Board's decision we consider, as did the Board, whether there was substantial evidence to support the decision of the ALJ. See Zbosnik, 759 F.2d at 1189-90. However, we have ruled that "the Board's resolution of questions of statutory construction or application of the Act to the particular facts of a case must be upheld if supported by a reasonable factual and legal basis." Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 936 (4th Cir.1986).
 
 
 11
 Of all the expert medical evidence submitted to the ALJ, only the report of one physician, Dr. Jose P. Floresca, a general practitioner with no advanced credentials in X-ray interpretations or internal medicine, disclosed that Acord was totally and permanently disabled from coal workers' pneumoconiosis. His opinion was based on the results of a ventilatory study, a blood gas analysis, and a chest X-ray. However, his opinion was effectively countered by more qualified physicians who discounted his tests and conclusions,[3] and by Acord's own admission that he had continued working in the mines up until one month before the hearing before the ALJ.
 
 
 12
 The record amply supports the ALJ's conclusion that Acord was capable of performing his usual coal mine work or comparable gainful work and that the interim presumption of total disability due to coal workers' pneumoconiosis was rebutted under 20 C.F.R. Sec. 727.203(b)(2). Considering the record as a whole, and mindful of the deference that is due the ALJ's credibility determinations, we cannot say that the decision below was unsupported by substantial evidence nor can we say that it is not in accordance with the applicable law.
 
 
 13
 Despite having been given the opportunity so to do, Acord has made no attempt to argue that his appeal has any validity after Stapleton.[4] Upon consideration of the record and the parties' briefs, we believe that such effort would probably be futile, in any event. We also conclude that the facts and legal arguments are adequately presented in the briefs and the record and that the decisional process would not be significantly aided by oral argument; additionally, we note that the dispositive issue has been recently been decided authoritatively. Accordingly, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a), and we affirm the order of the Board.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Section 727.203 Interim Presumption
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis....
 
 
 [2]
 Section 727.203(b) provides in pertinent part:
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 ...
 (2) In light of all relevant evidence, it is established that individual is able to do his usual coal mine work or comparable and gainful work ....
 
 
 [3]
 Dr. Floresca's blood gas study itself produced non-qualifying results; his ventilatory studies were discredited by three other physicians, one of whom testified that a portion of the studies produced a result which was a medical impossibility; finally, the X-rays were interpreted as showing evidence of varying degrees of pneumoconiosis, but not to an extent preventing Acord's performing his usual coal mining work
 
 
 [4]
 After his petition for review had been filed in this Court, petitioner filed a "Petition for Modification" with the Benefits Review Board, apparently seeking to reopen the proceedings below and proferring therewith yet another pulmonary function report and blood gas study prepared by Dr. Floresca, and an examining physician's report prepared by one Dr. Mario Cardona, who had not theretofore appeared in this case. A copy of the petition for modification was filed with this Court. As those materials were not timely submitted to or considered by the ALJ or the Board, we decline to consider them in our review of this case