836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Owen A. BOLLING, Petitioner,
v.
INDIAN MOUNTAIN COAL COMPANY, Director, Office of Workers
Compensation Programs, Respondents.
 No. 86-3136.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 26, 1987.
Decided Dec. 15, 1987.
 
 Joseph E. Wolfe, Berlin W. Skeen, Jr., Wolfe & Farmer on brief for petitioner.
 Mark E. Solomons, Arter & Hadden on brief for respondent.
 Before K.K. HALL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is before the Court on (i) a petition for review of a decision and order of the Benefits Review Board [BRB, or the Board] reversing an administrative law judge's award of black lung disability benefits, (ii) the motion of the respondent Director, Office of Worker's Compensation Programs, to dismiss for want of jurisdiction resulting from petitioner's filing an allegedly untimely petition for review, and (iii) the motion of respondent Indian River Coal Company to strike petitioner's brief and the joint appendix, or, alternatively, portions of those documents. We grant Indian River Coal Company's motion to strike portions of petitioner's brief and the joint appendix, deny the Director's motion to dismiss, and affirm the Board's decision and order. The facts and legal arguments are adequately presented in the parties' briefs and the record, the dispositive issues have been recently decided authoritatively, and the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with oral argument under Fed.R.App.P. 34(a) and Local R. 34(a).
 
 I.
 
 2
 Mr. Bolling worked 21 years in the nation's coal mining industry, primarily as a bulldozer operator at surface mining sites. He ceased working in 1979 because of breathing difficulties and applied for disability benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945 [the Act], and regulations adopted thereunder; in 1982 his claim was heard by an administrative law judge [ALJ].
 
 
 3
 Based upon the reasoned medical opinion of petitioner's treating physician, who concluded that petitioner was totally disabled by a respiratory impairment, the ALJ accorded petitioner the benefit of the rebuttable presumption of total disability due to pneumoconiosis arising from his coal mine employment, pursuant to 20 C.F.R. Sec. 727.203(a)(4).[1]
 
 
 4
 The ALJ further found that the presumption was effectively rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) on the authority of other physicians' reports and testimony, based partially on non-qualifying test results, concluding that petitioner suffered no significant pulmonary impairment and was able to perform his usual coal mine work or comparable and gainful work.[2] However, construing this Court's opinion in Hampton v. Benefits Review Board, 678 F.2d 506 (4th Cir.1982), as precluding rebuttal based on non-qualifying ventilatory tests and blood gas studies and physicians' opinions based thereon, the ALJ declined to deny petitioner's application for benefits.
 
 
 5
 On appeal the Board noted that Hampton had been expressly overruled in Stapleton v. Westmoreland Coal Co., 784 F.2d 424 (4th Cir.1986), cert. granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 55 U.S.L.W. 3472 (U.S. Jan. 12, 1987) (No. 86-327), reversed the ALJ's determination that rebuttal should not be invoked although proven to the ALJ's satisfaction, and disallowed the award of benefits to Mr. Bolling.
 
 
 6
 Bolling assigns as errors (i) the ALJ's refusal to invoke the interim presumption on the bases of a single positive X-ray reading, two positive ventilatory studies, and a single positive blood gas study, and (iii) the alleged insufficiency of the rebuttal evidence.
 
 II.
 
 7
 The Director moves to dismiss the petition for want of jurisdiction, averring that the petition for review of the Board's 18 August 1986 decision and order was filed three days out of time, on 20 October 1986. See 33 U.S.C. Sec. 921(c) (petition for review of final order of Board to be filed within 60 days of order). The Court takes judicial notice of its own docket, which discloses that the petition for review was filed here 16 October 1986, clearly within the 60-day period.
 
 
 8
 However, when the petition for review was filed with this Court, petitioner then had pending with the Board a timely motion for reconsideration of its 18 August 1986 decision and order. Although "[f]ailure to file a request for reconsideration shall not be deemed a failure to exhaust administrative remedies," 20 C.F.R. Sec. 802.407(b), filing a motion for reconsideration suspends, until the Board disposes of the motion, the time for filing a petition for review with the Court. A new 60-day period for filing the petition for review commences from the date the Board disposes of the motion for reconsideration. See Arch Mineral Corp. v. Director, Office of Workers' Compensation Programs, 798 F.2d 215, 219 (7th Cir.1986).
 
 
 9
 Consequently, the petition for review filed here 18 October 1986 was premature and this case would be dismissed accordingly but for petitioner's filing a timely amended petition for review. The Board denied petitioner's motion for reconsideration on 10 December 1986; on 9 February 1987 petitioner filed with this Court an amended petition for review.
 
 
 10
 Thus, the timeliness issues have been effectively resolved and the Director's motion to dismiss for want of jurisdiction, premised upon an untimely petition for review, should be denied.
 
 III.
 
 11
 The interim presumption is an evidentiary device established by statute and regulation. It "is raised by a basic fact or facts which, when accepted as true by a factfinder, give rise to a mandatory inference called a presumed fact .... 'Once the basic [fact or] facts are believed, the resulting presumed fact must be accepted by the trier unless it is rebutted by contravening evidence.' " Stapleton v. Westmoreland Coal Co., 785 F.2d at 432-33 (emphasis in original).
 
 
 12
 The regulations provide four evidentiary foundations upon which the interim presumption may be invoked: X-ray evidence; ventilatory studies; blood gas studies; and other medical evidence, including documented opinion of a physician exercising reasoned medical judgment. 20 C.F.R. Sec. 727.203(a)(1)-(4). We held in Stapleton that the interim presumption
 
 
 13
 is established when there is credible evidence that a qualifying X-ray indicates the presence of pneumoconiosis, a single qualifying set of ventilatory studies indicates, pursuant to the regulatory standard, a chronic respiratory or pulmonary disease, or a single qualifying set of blood gas studies indicates, pursuant to the regulatory standard, an impairment in the transfer of oxygen from the lungs to the blood.
 
 
 14
 785 F.2d at 426. We also held in Stapleton that the presumption is established by one physician's opinion meeting the regulatory requirements for documentation and reasonableness. Id. "Of course, the evidence ... must conform to pertinent standards for quality and authenticity." Id. at 436 (Hall, J.).
 
 
 15
 The ALJ's order awarding benefits discloses that he weighed the evidence of X-ray readings, ventilatory studies, and blood gas studies in determining whether to invoke the interim presumption under Sec. 727.203(a)(1), (a)(2), or (a)(3). This was error under Stapleton; however, such error is harmless because he invoked the presumption under Sec. 727.203(a)(4), based on the opinion of petitioner's treating physician.
 
 
 16
 The evidentiary effect of the ALJ's invoking the interim presumption is that the claimant is thenceforth deemed to be totally disabled by pneumoconiosis arising from his coal mine employment and he is entitled to disability benefits under the Act unless this presumed fact is countered, or rebutted, in accordance with the regulatory requirements. The regulations provide four evidentiary foundations for rebutting the interim presumption; proof that the claimant is still performing his usual coal mining work or comparable and gainful work, Sec. 727.203(b)(1); or that is is able to do his usual coal mining work or comparable and gainful work, Sec. 727.203(b)(2); or that his total disability did not arise in whole or in part out of coal mine employment, Sec. 727.203(b)(3); or that he does not have pneumoconiosis, Sec. 727.203(b)(4).
 
 
 17
 For rebuttal purposes it is immaterial whether the presumption is invoked on the basis of X-ray evidence, ventilatory studies, blood gas studies, or other medical evidence. What is important is that
 
 
 18
 all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked. This consideration is limited only by the single X-ray statute, 30 U.S.C. Sec. 923(b) (a claim may not be denied solely on the basis of one negative chest X-ray).
 
 
 19
 Stapleton v. Westmoreland Coal Co., 785 F.2d at 427 (emphasis in original).
 
 IV.
 
 20
 The standard of review for the Board's consideration of the ALJ's decision and order is stated in the Longshoremen's and Harbor Worker's Compensation Act, as amended, 33 U.S.C. Secs. 901 et seq., which provides, in pertinent part, that "findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. Sec. 921(b)(3). This provision was incorporated into the Black Lung Act by 30 U.S.C. Sec. 932(a), Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir.1984), and also appears in the regulations governing the Board. See 20 C.F.R. Sec. 802.301; Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir.1985); Beavan v. Bethlehem Mines Corp., 741 F.2d 689, 691 (4th Cir.1984). In reviewing the Board's decision we consider, as did the Board, whether there was substantial evidence to support the ALJ's decision.
 
 
 21
 The record discloses that the ALJ considered all the relevant medical evidence, including the opinions of three other physicians,[3] the non-qualifying X-ray evidence, the non-qualifying ventilatory studies, and the non-qualifying blood gas studies, and concluded that the interim presumption was effectively rebutted pursuant to Sec. 727.203(b)(2) by evidence tending to show that Mr. Bolling "is not totally disabled by a respiratory impairment." Significantly, that evidence included two detailed medical assessments by examining physicians other than petitioner's treating physician: Dr. R. Suwannasri concluded from his examination and the results of tests he either administered or ordered that petitioner was able to walk two miles, climb two flights of stairs, lift 50-and, at maximum effort, 100-pound weights, and carry 50-pounds up to 100 yards; Dr. F.L. Garzon, who noted in his report that petitioner's usual coal mining work was operating a bulldozer, concluded that petitioner's pulmonary problems were not severe enough "to prevent his returning to his previous or similar work at the mines."
 
 
 22
 We recently held in Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893 (4th Cir.1987), that rebuttal evidence under Sec. 727.203(2)(b) should address the exertive requirements of claimant's usual coal mine work or the extent to which his symptoms would hinder his performing comparable and gainful work.
 
 
 23
 At the least, for an employer to rebut the interim presumption under Sec. 727.203(b)(2), consideration should be given to the health requirements for work comparable to that performed by the claimant. The plain words of the regulation mandate such consideration.
 
 
 24
 812 F.2d at 693.
 
 
 25
 Considering the record as a whole, we conclude that there was sufficient evidence to support the ALJ's finding that the interim presumption was rebutted by evidence meeting the requirements of Sykes. Dr. Suwannasri's assessment of petitioner's abilities to walk, climb, lift, and carry does not exclude operating a bulldozer, and Dr. Garzon's report expressly refers to petitioner's physical state in concluding that he is able to perform his usual coal mining work or comparable and gainful work, noted by the physician to be operating a bulldozer.
 
 
 26
 The Board was not in error in reversing that portion of the ALJ's opinion and order which found rebuttal proven but disallowed under Hampton, and its decision and order should be affirmed.
 
 
 27
 Accordingly, Indian River Coal Company's motion to strike portions of the joint appendix and petitioner's brief is granted; the Director's motion to dismiss for want of jurisdiction is denied; and the Board's 18 August 1986 order reversing the ALJ's 28 April 1986 decision and order awarding benefits under the Act is affirmed.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 The record before the ALJ contained three X-rays; two were read as negative; the third was read and reread as positive by one expert reader, then reread as negative by another. The ALJ declined to invoke the interim presumption based on X-ray evidence, allowable under 20 C.F.R. Sec. 727.203(a)(1)
 Four pulmonary function studies were also in the record. Two of the studies were interpreted as producing qualifying results, but one of these studies was discredited by a pulmonary specialist who determined the results were attributable to inadequate effort by Mr. Bolling. The ALJ declined to invoke the interim presumption allowable under Sec. 727.203(a)(2).
 Eight blood gas studies were in the record, one of which produced qualifying results while the other seven were non-qualifying; the ALJ declined to invoke the interim presumption under Sec. 727.203(a)(3).
 
 
 [2]
 Several months after the hearing, but prior to the ALJ's deciding the case, petitioner submitted to the ALJ for inclusion in the record a letter report from Joseph F. Smiddy, M.D., not previously introduced in evidence, which contained an additional blood gas study, a pulmonary examination report, and a medical report; these items were incorporated in the appendix. Respondent objects to the petitioner's reliance on these materials and to their being included in the record, and moves that they be stricken; petitioner agrees to the striking of the materials. Accordingly, respondent's motion to strike the physician's report and accompanying data should be granted
 
 
 [3]
 One of the three was Dr. Smiddy, whose opinion and report have been stricken pursuant to respondent's motion. We disregard the stricken materials in considering this petition for review