Bobby G. WHICKER, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD and Clinchfield Coal Company, Respondents.

No. 83–1948.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1984.

Decided May 3, 1984.

Rehearing Denied July 6, 1984.

---

Charlie R. Jessee, Abingdon, N.C. (Browning, Morefield, Schelin & Arrington, P.C., Abingdon, N.C., on brief), for petitioner.

Michael F. Blair, Abingdon, N.C. (Penn, Stuart, Eskridge & Jones, Abingdon, N.C., on brief), for respondents.

Before WIDENER, SPROUSE and ERVIN, Circuit Judges.

SPROUSE, Circuit Judge:

Bobby G. Whicker (Whicker), a fifty-two-year-old coal miner, appeals from a decision of the Benefits Review Board denying his claim for black lung disability payments under the Federal Coal Mine Health and Safety Act of 1969, (Black Lung Act), as amended, 30 U.S.C. §§ 901–45. We reverse and remand for an award of benefits.

Whicker worked in underground mines owned by Clinchfield Coal Company (Clinchfield) for over twenty-five years before chronic and increasingly severe pulmonary problems forced him to leave his position in 1977. He first experienced breathing difficulties during his sixth year of coal mine employment when he complained to his treating physician about shortness of breath and persistent coughing of brown sputum. He has received regular treatment since that early episode for a number of pulmonary connected ailments, including chest and abdominal pains, bronchitis, wheezing, and bronchial asthma, and for Crohn's disease, a gastro-intestinal disorder. The increasing severity of these attacks resulted in his hospitalization for bronchospasms and bronchial asthma on at least three occasions during the last year of his employment with Clinchfield. Soon after his release from the hospital for the third time in less than a year, Whicker left his job and applied for benefits under the Black Lung Act. Clinchfield contested his application, and the matter was referred to an Administrative Law Judge (ALJ) for decision.

The medical evidence submitted to the ALJ on behalf of Whicker was conflicting. The ventilatory function tests conducted by several different physicians revealed minimal impairment, as did the blood gas studies. Three different "B" readers, however, including Dr. Schmidt, Whicker's treating physician for twenty years, reported positive findings of pneumoconiosis after examining various x-rays of the claimant's chest. Their accompanying reports indicated a steady progression in the severity of the disease. Clinchfield countered this evidence with several x-ray readings of its

own indicating that Whicker suffered minimal impairment.

The ALJ weighed the conflicting evidence and found that the x-rays and attached reports proved Whicker's claim of pneumoconiosis. He then correctly concluded that this finding, combined with the claimant's twenty-five years of underground experience, was sufficient to trigger the interim presumption of total disability due to pneumoconiosis described in 20 C.F.R. § 727.203(a)(1). He refused to award benefits, however, because he believed the employer had successfully rebutted the presumption by submitting various doctors' opinions disputing the cause and severity of Whicker's physical impairment. 20 C.F.R. § 727.203(b)(2) and (3). He relied principally on non-qualifying ventilatory function tests and blood gas studies as the basis of his conclusion:

> Turning to the ventilatory tests herein introduced into evidence. I note that, not only do none of them fall within § 727.203(a)(2), all the studies that are accompanied by physicians' comments reveal normal or minimally impaired results. Of particular interest is Dr. Schmidt's findings in Dir.Exhs. 17 & 10 that Claimant had a normal spirogram. Dr. Schmidt's opinions deserve special respect since he has long been Claimant's treating physician.
>
> The blood gas tests also refute a finding of a totally disabling pulmonary or respiratory impairment. The physician's opinions indicate that Claimant has, at most, a minimal impairment. Dr. Schmidt's September 1974 report indicates normal results.

Whicker's single contention on appeal is that the ALJ's reliance on non-qualifying blood gas studies and ventilatory function tests to rebut the interim presumption of pneumoconiosis was impermissible under *Hampton v. United States Department of Labor Benefits Review Board*, 678 F.2d 506 (4th Cir.1982) (per curiam). We agree.

In *Hampton*, we held that, "[o]nce the [interim] presumption arises, the miner's failure to satisfy the remaining tests does not rebut [it]." 678 F.2d at 508. Our holding in *Hampton* was premised on the language of the governing regulations. 20 C.F.R. § 727.203(a). Those regulations state that a miner with ten years or more of experience is entitled to a presumption of total disability due to pneumoconiosis if he demonstrates a qualifying diagnosis from *either* x-rays, blood gas studies, *or* ventilatory function tests. *Id.* *Hampton* simply gave effect to this requirement by preventing the ALJ from using the claimant's non-qualifying tests to undo a presumption legitimately invoked according to the regulation's own criteria. It recognized that the ALJ's heavy reliance on non-qualifying tests in the rebuttal phase of the case effectively forced the claimant to come forward with proof of pneumoconiosis by two or more accepted testing techniques before he could derive any practical benefit from the interim presumption—a burden totally incompatible with the language and purposes of the applicable regulations.

Clinchfield attempts to avoid the controlling effect of *Hampton* by pointing out that Whicker's prima facie case was rebutted under 20 C.F.R. § 727.203(b)(2), while *Hampton* involved 20 C.F.R. § 727.203(b)(3). It maintains that § 727.203(b)(2) permits the ALJ greater leeway to rely on non-qualifying test results in rebutting Whicker's interim presumption of total disability due to pneumoconiosis. We reject this overly restrictive reading of *Hampton.*

*Hampton* gave effect to the regulation's directive that *any one* of the specified criteria was sufficient to trigger the presumption of total disability due to pneumoconiosis. 20 C.F.R. § 727.203(a). Our decision there did not turn on the subsection under which the rebuttal evidence was considered, but on the inherent unfairness of strapping the claimant with a greater burden of proof on the interim presumption criteria than the regulations themselves require. The identified unfairness is the same whether the non-qualifying tests are considered under § 727.203(b)(2), as in this case, or under (b)(3), as in *Hampton.*

We find nothing in the language or purposes of section 727.203(b)(2) that justifies carving out an exception to our *Hampton* rule. In fact, the position urged by Clinchfield would only add further confusion to this highly technical field by creating differing rules of rebuttal evidence for cases arising under the same general provisions of the regulations. Section 727.203(b)(2) permits the ALJ to deny benefits if "in light of all relevant evidence, the claimant is able to do coal mine work." Non-qualifying test results may be part of this inquiry, *cf. Director v. Beatrice Pocahontas Co.*, 698 F.2d 680 (4th Cir.1983), but they cannot be used as the principal or exclusive means of rebutting an interim presumption of pneumoconiosis without offending the specific language and purposes of the applicable regulations. *Hampton*, 678 F.2d at 508.

Accordingly, the decision of the Benefits Review Board is reversed and the case remanded to the Secretary for the award of benefits.

REVERSED.