Orville **KUEHNER**, Petitioner,

v.

**ZIEGLER COAL COMPANY and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 85–2651.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1986.

Decided April 10, 1986.

Harold B. Culley, Jr., West Frankfort, Ill., for petitioner.

Mark E. Solomons, Kilcullen, Wilson & Kilcullen, Washington, D.C., for respondents.

Before CUMMINGS, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Orville Kuehner, born in 1911, retired in 1978 from his job as a repairman for a coal

---

mining company. He had been employed by Ziegler Coal Co. for almost 40 years, three underground and 37 on the surface. Kuehner applied for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901–45. He is entitled to benefits if he is totally disabled by pneumoconiosis.

According to the administrative law judge, x-rays establish that Kuehner has simple pneumoconiosis. This, coupled with Kuehner's employment in a coal mine for more than 10 years, creates a presumption of total disability. 20 C.F.R. 727.203(a). The presumption may be rebutted. See *Amax Coal Co. v. Director, OWCP,* 772 F.2d 304, 305 (7th Cir.1985). The administrative law judge concluded that it had been. Two physicians examined Kuehner, and a third examined the reports of the other two and the medical evidence. All three concluded that Kuehner is essentially normal for a person of his age. One wrote: "I expect no significant limitation of activities in this man and he has a reasonable tolerance of exercise." Another concluded that Kuehner has pneumoconiosis "which is unassociated with physiologic abnormalities." The administrative law judge agreed with these physicians, and the Benefits Review Board agreed with the administrative law judge.

The physicians based their views on exercise tests (one made Kuehner walk quickly up a hall and ride an exercise bicycle), on pulmonary function studies (measures of how much air the person's lungs can handle), on blood gas studies (measures of how much oxygen the blood carries), and on available x-ray films. Kuehner argues that because the physicians, and so the administrative tribunals, considered the same sorts of evidence that gave rise to the presumption of total disability, their conclusions do not supply substantial evidence to rebut the presumption. For a time the Fourth Circuit took such an approach. *Hampton v. Benefits Review Board,* 678 F.2d 506 (4th Cir.1982); *Whicker v. Benefits Review Board,* 733 F.2d 346 (4th Cir.1984). These cases were overruled by *Stapleton v. Westmoreland Coal Co.,* 785 F.2d 424 (4th Cir.

1986) (en banc), and we agree with *Stapleton.*

■ The administrative law judge must consider "all relevant medical evidence". 30 U.S.C. § 923(b). Although "no claim ... shall be denied solely on the basis of the results of a chest roentgenogram", *ibid.,* the statute imposes no other limitation on the interpretation of evidence. The more evidence is available for decision, the more accurate the decision is likely to be. See *Peabody Coal Co. v. Director, OWCP,* 778 F.2d 358, 362–64 (7th Cir.1985). A person is entitled to benefits only if totally disabled because of pneumoconiosis. See 20 C.F.R. 410.426(a) ("[m]edical impairments other than pneumoconiosis may not be considered"). Both the extent of disability and the cause of disability may call for difficult judgments, and the administrative law judge needs all the help he can get.

A single positive ("qualifying") x-ray film or test may create the presumption of disability, even though other films or tests do not show pneumoconiosis. The opinions in *Hampton* and *Whicker* expressed the view that it is illogical to say that "non-qualifying" films or tests do not prevent the creation of the presumption, while these same non-qualifying results may be used to rebut the presumption. There is nothing inconsistent about the process, however. A single x-ray or test may warrant casting the burden on the operator, yet other information of the same type, when put together with still more tests and examinations, may be part of a pattern that demonstrates the lack of total disability caused by pneumoconiosis. Objective evidence—x-rays, pulmonary function tests, blood gas tests—is the best available indicator of the extent of a respiratory impairment. See *Garrison v. Heckler,* 765 F.2d 710, 713–14 (7th Cir.1985). More impressionistic evidence (did the claimant get out of breath when walking down the hall?) has its place, but such evidence alone will not produce consistent treatment of similar cases or reveal the extent of the disability. There is no reason to disregard the best evidence. The fact that one piece of favor-

able evidence may support putting the burden on the coal mine operator does not exclude the possibility that all evidence together cuts against a finding of disability.

The administrative law judge considered all of the available evidence and concluded that Ziegler had rebutted the presumption of disability. This decision is supported by substantial evidence. Cf. *Old Ben Coal Co. v. Prewitt*, 755 F.2d 588 (7th Cir.1985) (the appropriate inquiry is the substantiality of the evidence for the administrative law judge's conclusion, not for the Board's). The three physicians agreed that although Kuehner may have simple pneumoconiosis, the disease does not significantly restrict his activities. Kuehner protests that the physicians did not opine on his ability to do his old job as a repairman. This is a question for a vocational expert or the administrative law judge, not necessarily for a physician. The administrative law judge was aware of the requirements of Kuehner's old job; this, combined with the physicians' view that Kuehner is essentially normal for a person of his age, supported a finding that he is not totally disabled by pneumoconiosis. The petition for review is therefore

DENIED.