798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Doc S. HALSEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Benefits Review
Board, United States Department of Labor
and Westmoreland Coal Company,
Respondents.
 No. 86-3009.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 14, 1986.
Decided Aug. 25, 1986.
 
 Don M. Stacy on brief, for appellant.
 Laura E. Beverage, Jackson, Kelly, Holt & O'Farrell on brief, for appellees.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WINTER, Chief Judge, and HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Doc S. Halsey petitions for review of an order of the Benefits Review Board denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding the decision to deny benefits to be without procedural error and supported by substantial evidence, we affirm.
 
 
 2
 Halsey had originally applied for benefits on March 29, 1976. After a hearing before an administrative law judge ("ALJ"), claimant's application was denied. The ALJ held that claimant was not entitled to the irrebuttable presumption of disability provided for under 30 U.S.C. Sec. 921(c) (3),[1] but that he was entitled to the interim presumption set forth in 20 C.F.R. Sec. 727.203(a) (1) and (4).[2] However, the ALJ held that available medical evidence rebutted the presumption of disability under 20 C.F.R. Sec. 727.203(b) (2). Accordingly, benefits were denied, the Benefits Review Board affirmed the ALJ's decision, and this appeal followed.
 
 
 3
 The medical evidence before the ALJ included the reports of nine physicians who examined the claimant or his records between 1976 and 1983. Results of pulmonary function tests and of blood gas studies made during those years were also submitted. Five of the nine physicians involved found some evidence of pneumoconiosis. Of the five, only one, Dr. Bassali, found complicated pneumoconiosis. Three physicians, Doctors Kress, Previll, and Zaldivar, found that the claimant was capable of continuing his usual coal mine work as a trackman, which involved heavy manual labor. Two other physicians, Doctors Daniels and Rasmussen, concluded that claimant is capable of performing work only at a moderate level.
 
 
 4
 Halsey asserts that because of Dr. Bassali's finding of complicated pneumoconiosis based on an x-ray of March 4, 1982, the ALJ erred by not affording him the irrebuttable presumption under 30 U.S.C. Sec. 921(c) (3). We are not persuaded. Two other physicians, Doctors Hayes and Zaldivar, read the same x-ray and concluded that Halsey did not suffer from complicated pneumoconiosis. Moreover, a subsequent x-ray was taken four months later in July, 1982, and was read by Dr. Zaldivar, who again found no evidence of complicated pneumoconiosis. Because Dr. Bassali's opinion was contradicted, and the most recent reading revealed only simple pneumoconiosis, we find that substantial evidence supports the ALJ's denial of the irrebuttable presumption in this case.
 
 
 5
 Concerning the interim presumption, Halsey, citing Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346 (4th Cir. 1984), asserts that the ALJ erred in relying on non-qualifying test results as rebuttal evidence. Recently, this Court's en banc decision in Stapleton v. Westmore land Coal Co., 785 F.2d 424 (4th Cir. 1986), overruled Whicker and held that all medical evidence, including non-qualifying test results, must be considered in determining whether the interim presumption has been rebutted. 785 F.2d at 427. In light of Stapleton, the ALJ's ruling that the interim presumption was rebutted is supported by substantial evidence.[3]
 
 
 6
 Upon consideration of the record and briefs,[4] we find that this appeal is without merit and, accordingly, affirm the Benefits Review Board's decision denying Halsey's claim.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 30 U.S.C. Sec. 921(c) (3) provides that where a miner suffers from a chronic dust disease of the lung which is diagnosed as complicated pneumoconiosis by one of several enumerated methods, the miner is entitled to an irrebuttable presumption that he is totally disabled by pneumoconiosis
 
 
 [2]
 Under 20 C.F.R. Sec. 727.203(a) (1)-(4), miners who have performed mine work for more than ten years and who are diagnosed as having some degree of pneumoconiosis as a result of one positive x-ray I or one physician's opinion, or one set of positive ventilatory studies, or one set of positive blood gas studies, are entitled to invoke the interim presumption of disability. Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986). This interim presumption may be rebutted by the employer under 20 C.F.R. Sec. 727.203(b) (1)-(4) with evidence that the miner is performing or remains capable of performing his usual coal mine work or comparable work, or that the pneumoconiosis did not result from his coal mine work, or that the miner is not and has not suffered from pneumoconiosis
 
 
 [3]
 Claimant also asserts that the ALJ erred by not granting him the interim presumption based on the results of qualifying blood gas studies. In Stapleton, we held that the presence of one set of qualifying blood gas studies entitles a claimant to the rebuttable presumption under 20 C.F.R. Sec. 727.203(a) (3). Nevertheless, even if the ALJ erred by failing to invoke the presumption under Sec. 727.203(a) (3), such error is harmless in light of the invocation of the presumption under Sec. 727.203(a) (1) and (4)
 
 
 [4]
 By consent of the parties, this case was submitted for the Court's consideration on the basis of the appellate briefs. No oral argument was held