800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arvil STREET, Petitioner,
v.
CONSOLIDATION COAL COMPANY, Respondent,
Director, Office of Workmen's Compensation Programs, United
States Department of Labor, Party-in-interest.
 No. 84-1657.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1986.
Decided Sept. 8, 1986.
 
 Gerald F. Sharp (Gregory W. Herrell; Browning, Morefield, Schelin and Arrington on brief), for petitioner.
 David Allen Barnette, for respondent.
 J. Michael O'Neill and Rita Roppolo, U.S. Department of Labor on brief, for party-in-interest.
 Ben.Rev.Bd.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Arvil Street appeals a decision by the Benefits Review Board (the Board) affirming the denial of his claim for black lung benefits by an Administrative Law Judge (ALJ). The ALJ invoked an interim presumption of disability due to pneumoconiosis,[1] pursuant to 20 C.F.R. Secs. 727.203(a) (1) and (a) (4), but found that the presumption had been rebutted[2] by the employer pursuant to Sec. 727.203 (b) (2). In this appeal, Street contends that the ALJ's finding of rebuttal was not supported by substantial evidence.[3] We agree with the Board that there was substantial evidentiary support for the decision of the ALJ and we therefore affirm.
 
 
 2
 Street, now 61years old with a sixth-grade education and approximately 35 years of coal mine experience, filed his initial claim for black lung benefits in 1-73. On June 1, 1979, the Deputy Commissioner of the Department of Labor determined that Street would be entitled to benefits if he retired within one year. This finding was challenged by the employer, and an administrative hearing was held in June 1981.
 
 
 3
 The evidence adduced at the hearing consisted of nine X rays, seven of which were positive for pneumoconiosis; seven pulmonary function tests, three of which were qualifying,[4] and six blood gas studies, all of which were nonqualifying. In addition to the objective medical test results, the evidence included three relatively recent medical opinions on the ultimate issue of total disability due to pneumoconiosis. See 20 C.F.R. Sec. 727.201. Dr. William S. Erwin, who administered pulmonary function and blood gas studies with nonqualifying results in December 1979, reported that although X-rays revealed the existence of pneumoconiosis it was "difficult to say that [Street] has a pulmonary or respiratory impairment." Erwin concluded that Street was not disabled. Drs. G.S. Kanwal and Robert F. Baxter administered qualifying pulmonary function studies in early 1981. Dr. Baxter concluded, in a report dated March 11, 1981, that Street would be "unable to perform any gainful productive labor in the coal mines on the basis of Chronic Obstructive Pulmonary Disease which is secondary to Coalworkers' Pneumoconiosis." In a report dated April 23, 1981, Dr. Kanwal attached a form on which he indicated that Street's pulmonary condition "prevents ... him from engaging in coal mine work or comparable gainful work."
 
 
 4
 The ALJ invoked the presumption of total disability due to pneumoconiosis on the basis of X-ray evidence establishing the existence of the disease as well as the opinions of Drs. Kanwal and Baxter, 20 C.F.R. Secs. 727.203 (a) (1) and (a) nd that aspect of his decision is not challenged on appeal.[5] Street contends, however, that there was no substantial evidence to support the ALJ's finding that the presumption had been rebutted pursuant to Sec. 727.203(b) (2), which mandates a finding of rebuttal if "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work." Specifically, Street argues that Dr. Erwin's opinion that he was not disabled was insufficient to rebut the later opinions of Drs. Kanwal and Baxter to the effect that he was totally disabled due to pneumoconiosis. We disagree.
 
 
 5
 The standard of review for the Board is stated in the Longshoremen's and Harbor Worker's Compensation Act, as amended, 33 U.S.C. 5 901 et seq., which provides, in pertinent part, that "findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C 5 921(b) (3), This provision was incorporated into the Black Lung Act by 30 U.S.C. 3 932(a), Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir. 1984), and is also recited by the regulations governing the Board. See 20 C.F.R. 3 802.301; Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985); Beavan v. Bethlehem Mines or., 741 F.2d 689, 691 (4th Cir. 1984).
 
 
 6
 Our review of the Board's decision is free; we consider, as did the Board, whether there was substantial evidence to support the decision of the ALJ. Zbosnik, 759 F.2d at 1189-90.
 
 
 7
 In Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir . 1986), we held that for purposes of rebutting a presumption of total disability due to pneumoconiosis, "all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked." (Emphasis in original.) We decided, among other things, that evidence, including medical opinions, based exclusively or primarily on nonqualifying test results may be used as the principal means of rebutting an interim presumption of pneumoconiosis, thereby overruling our earlier decisions in Hamlton v. United States Department of Labor Benefits Review Board, 678 F.2d 506, 508 (4th Cir. 1982) and Whicker v. united States De artment of Labor Benefits Review Board, 733 F.2d 346, 349 (4th Cir. 1984). Stapleton, 785 F.2d at 427 and n.3, supra. The ALJ thus properly considered Dr. Erwin's report, which was based in large part on nonqualifying pulmonary and blood gas studies, in the rebuttal analysis.
 
 
 8
 The ALJ discredited the qualifying results of Dr. Kanwal's pulmonary function study on the basis of a report by Dr. George Zaldivar indicating that the test was invalid due to poor patient effort. With respect to the qualifying studies performed by Dr. Baxter, the ALJ noted that poor patient effort was given as an alternative reason for the low values reported. Accordingly, the ALJ assigned relatively little probative value to the medical opinions of Drs. Kanwal and Baxter, which were based, at least in part, on arguably dubious pulmonary function test results. The only other qualifying pulmonary function study was also considered invalid by Dr. Zaldivar on the basis of poor patient effort. Each of the four remaining pulmonary function tests and all of the blood gas studies yielded normal results.
 
 
 9
 The ALJ thus concluded that the credible medical evidence, on balance, indicated that Street's pulmonary impairment, if any, would not prevent him from pursuing his usual employment as a shuttle car operator, "which does not require the greatest exertion." Considering the record as a whole, and mindful of the deference that is owed to credibility determinations by the ALJ, we cannot say that the decision below was unsupported by substantial evidence.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 20 C.F.R. Sec. 727.203(a) provides, in pertinent part, as follows:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (x-ray), biopsy or autopsy establishes the existence of pneumoconiosis ... ;
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412 (a) (2) of this title) as demonstrated by values which are equal to or less than [certain values specified in the regulation's tables];
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than [certain values specified in the regulation's tables];
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment; ....
 
 
 [2]
 20 C.F.R. Sec. 727.203(b) provides, in pertinent part, as follows
 (b) Rebuttal of interim presumption. In adjudicating a claim under this sub-part, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ... ; or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ... ; or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does : not, or did not, have pneumoconiosis.
 
 
 [3]
 In his original brief, Street argued that the ALJ's finding of rebuttal was error, as a matter of law, because it relied on a medical opinion which was based primarily upon nonqualifying pulmonary function and blood gas studies. In Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir. 1986), however, pending whose rehearing and decision this appeal was stayed, we held that with respect to the rebuttal of a presumption established under Sec. 727.203(a), "all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying X-rays, test results, and opinions, regardless of the section under which the presumption was invoked." (Emphasis in original.) Stapleton thus overruled this court's earlier decisions in Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346, 49 (4th Cir. 1984) ("[n]on-qualifying test resu ts ... cannot be used as the principal or exclusive means of rebutting an interim presumption of pneumoconiosis"), and Hampton v. United States Department of Labor Benefits Review Board, 678 F.2d 506, 508 (4th Cir. 1982) (medical opinion "was improper rebuttal evidence because it was partly based upon . . nonqualifying tests"). In his supplemental brief filed after our decision in Stapleton, Street argues that notwithstanding the propriety, in light of Stapleton, of the ALJ's reliance on a medical opinion based primarily upon nonqualifying medical tests, there was no substantial evidence to support its finding that the employer had rebutted the presumption of total disability due to pneumoconiosis
 
 
 [4]
 For purposes of this opinion, "qualifying" pulmonary function (ventilatory) or blood gas studies refer to those with results that are equal to or less than the regulatory criteria for a finding of pulmonary impairment and the invocation of the interim presumption of total disability due to pneumoconiosis. See 20 C.F.R. Secs. 727.203(a) (2) and (a) (3)
 
 
 [5]
 The presumption could also have been invoked pursuant to Sec. 727.203(a) (2) on the basis of the qualifying pulmonary function studies although the preponderance of studies in this case were nonqualifying. Stapleton, 785 F.2d at 426 (presumption is established b y a single qualifying ventilatory study). Because the presumption was invoked under Secs. 727.203 (a) (1) and (a) (4) , however, any error in failing also to find it thus invoked is harmless