856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quinton NAPIER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3330.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before LIVELY, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Quinton Napier (Napier) petitioned this court for review of the decision of the Benefits Review Board of the United States Department of Labor (Board) denying him black lung disability benefits.
 
 
 2
 At the time of the hearing, Napier was 59 1/2 years old and had an eighth grade education. Napier worked in coal mine employment for 12 3/4 years, ending in 1957.
 
 
 3
 On June 11, 1982, Napier filed a claim for federal black lung benefits with the Department of Labor (DOL) pursuant to Part C of the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. On September 3, 1982, the DOL denied Napier's claim. As a result of this determination, Napier requested a formal hearing before an administrative law judge (ALJ) which was subsequently held on June 12, 1984.
 
 
 4
 The medical evidence reviewed by the ALJ consisted of chest x-ray interpretations, the results of pulmonary and blood gas studies and the medical opinions of several physicians. The ALJ determined that Napier had proved the existence of simple pneumoconiosis and that Napier was entitled to the presumption contained in 20 C.F.R. Sec. 718.203(b) that his pneumoconiosis arose out of his coal mine employment because he had more than 10 years of coal mine experience.
 
 
 5
 The ALJ, however, concluded that Napier had not established that he was totally disabled due to his pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c).[1] The ALJ determined that the two pulmonary function and two blood gas studies which were conducted did not result in qualifying values under 20 C.F.R. Sec. 718.204(c)(1) and (c)(2).
 
 
 6
 The ALJ also determined that the medical opinion of Dr. Clarke, the only physician diagnosing Napier as totally disabled, did not support total disability pursuant to 20 C.F.R. Sec. 718.204(c)(4). On November 22, 1984, Dr. Clarke performed a physical examination which yielded some abnormalities indicative of pulmonary disease, performed a positive x-ray and performed an electrocardiogram indicating Napier was within normal limits. Dr. Clarke noted inspiratory and expiratory rales and rhonchi which could be heard without a stethoscope, a large increase in the AP diameter of Napier's chest, and the use of all accessory and diagram muscles in respiration. Dr. Clarke also performed pulmonary function tests, noting Napier's cooperation as good. Dr. Clarke interpreted these tests as showing severe restrictive pulmonary disease and severe obstructive airway disease for a person 70 inches in height. Dr. Clarke concluded that based on his entire examination, Napier was totally and permanently disabled for all work in a dusty environment and for all manual labor due to his pneumoconiosis.
 
 
 7
 The ALJ determined that the medical opinion of Dr. Clarke was not supported by the underlying medical documentation. While the pulmonary function test was qualifying for a person of 70 inches in height, it was not qualifying for a person of 68 inches in height. The ALJ properly concluded that this positive test was nonqualifying because two other examining physicians had found Napier's height to be 68 inches. In addition, Dr. Sarah Long, in reviewing Dr. Clarke's findings, discredited the pulmonary function test, because Napier had shown "inadequate and inconsistent effort" indicated by variations greater than 5% between the two best FEV1 values. Consequently, the ALJ determined that Dr. Clarke's report and opinion were of minimal probative value, because Dr. Clarke's conclusion of total disability was not supported by the underlying findings.
 
 
 8
 On January 31, 1985, the ALJ accordingly denied Napier's claim for black lung disability benefits because Napier had not sustained his total disability. On February 19, 1987, the Board affirmed the ALJ's denial of black lung benefits.
 
 
 9
 On review, Napier argued that the ALJ's determination not to assign any weight to Dr. Clarke's medical report finding Napier totally disabled due to pneumoconiosis was not supported by substantial evidence. Specifically, Napier urged that discrediting Dr. Clarke's diagnosis by a non-examining physician constituted clear error.
 
 
 10
 An ALJ's findings of fact may only be set aside if not supported by substantial evidence. Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1983), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985); Director, O.W.C.P. v. Rowe, 710 F.2d 251 (6th Cir.1983). "As the substantial evidence standard implies, an appellate tribunal may not reweigh the evidence or make credibility determinations." Adams v. Peabody Coal Co., 816 F.2d 1116, 1120 (6th Cir.1987).
 
 
 11
 In 1980, pursuant to the Black Lung Benefits Reform Act of 1977, 30 U.S.C. Sec. 902(f)(1)(D), the Secretary of Labor issued permanent regulations applicable to the adjudication of all Part C claims filed after March 31, 1980. 20 C.F.R. Sec. 718 et seq. Under the permanent regulations, a claimant must prove three elements to qualify for black lung disability benefits. The claimant must prove: (1) that he suffers from pneumoconiosis, (2) that the pneumoconiosis arose out of his coal mine employment, and (3) he is totally disabled due to pneumoconiosis according to the standards enunciated in 20 C.F.R. Sec. 718.204(c). Strike v. Director, O.W.C.P., 817 F.2d 395, 399 (7th Cir.1987). The claimant must prove each element necessary to qualify for black lung disability benefits by a preponderance of the evidence except to the extent he is aided by a presumption. 20 C.F.R. Sec. 718.403. Napier proved the existence of simple pneumoconiosis and that it arose out of coal mine employment. The ALJ, however, properly determined that Napier failed to prove total disability due to his pneumoconiosis.
 
 
 12
 20 C.F.R. Sec. 718.204(c) sets forth the standards for evaluating medical evidence of total disability. Specifically, 20 C.F.R. Sec. 718.204(c)(4) states that "total disability may ... be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques,...." Id. (emphasis added). In order to accept an examining physician's medical opinion, an ALJ must examine the validity of that opinion in light of the medical evidence on which the doctor's reasoning is based. Rowe, 710 F.2d at 225. "The determination to whether [the medical] report was sufficiently documented and reasoned is essentially a credibility matter. As such it is for the fact finder to decide." Id. See also Markus v. Old Ben Coal Co., 712 F.2d 322, 327 (7th Cir.1983) (discredited evidence cannot support finding of total disability); Smith v. Director, O.W.C.P., 843 F.2d 1053, 1057 (7th Cir.1988) (same); Director, O.W.C.P. v. Mangifest, 826 F.2d 1318 (3d Cir.1987) (the ALJ determines the reliability of medical reports).
 
 
 13
 There exists substantial evidence to support the ALJ's rejection of credibility of Dr. Clarke's opinion that Napier was totally disabled. The ALJ noted that Dr. Clarke relied upon a pulmonary function study which was later determined by Dr. Sarah Long to be unacceptable. Dr. Long detailed her reasoning by stating that Napier had shown "inadequate and inconsistent effort" because there was "more than 5% variation between the two best FEV1 values." See Prater v. Hite Preparation Co., 829 F.2d 1363 (6th Cir.1987). Consequently, the ALJ properly used Dr. Long's report to discredit the reliability of Dr. Clarke's report as unreasoned.
 
 
 14
 Moreover, the ALJ also determined that the results of the pulmonary function study were non-qualifying under Part 718, Appendix B, for a miner of 68 inches in height. Dr. Clarke had found Napier to be 70 inches in height while two other examining physicians determined his height to be 68 inches. As a result, the ALJ properly determined Napier to be 68 inches in height and thus determined the test unacceptable. The ALJ accordingly did not grant Dr. Clarke's findings any probative value, because the physician relied on objective studies which produced questionable and nonqualifying results and failed to clarify how these results supported his ultimate conclusion of total disability.
 
 
 15
 Napier also argued that the ALJ did not properly account for Napier's personal testimony and Dr. Clarke's findings of rales and ronchi. It is proper for the ALJ to rely on objective evidence over more impressionistic conclusions. Kuehner v. Ziegler Coal Co., 788 F.2d 439, 440 (7th Cir.1986). Consequently, there was substantial evidence to uphold the ALJ's determination that Napier was not totally disabled due to pneumoconiosis.
 
 
 16
 Accordingly, the Benefits Review Board's decision that petitioner was not entitled to black lung disability benefits is AFFIRMED.
 
 
 
 [1]
 The provisions of 20 C.F.R. Sec. 718.204(c)(3) and (c)(5) are not applicable in this case