OLD BEN COAL COMPANY, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, and Lowell Mitchell, Respondents.

No. 94–2110.

United States Court of Appeals,
Seventh Circuit.

Argued May 9, 1995.

Decided Aug. 16, 1995.

Mark E. Solomons (argued), Laura M. Klaus, Arter & Hadden, Washington, DC, for Old Ben Coal Co.

Christian P. Barber, Barry H. Joyner, Dept. of Labor, Office of the Sol., Washington, DC, for Office of Workers' Compensation Programs.

Harold B. Culley, Jr. (argued), Culley & Wissore, Raleigh, IL, for Lowell Mitchell.

Thomas O. Shepherd, Jr., Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, for Benefits Review Bd.

Before ESCHBACH, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

In this appeal, we review an order of the Department of Labor's ("DOL") Benefits Review Board (the "Board") awarding Lowell Mitchell benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. Coal miner Mitchell applied for benefits and after a series of decisions by Administrative Law Judges ("ALJ") and remands by the Board spanning fourteen years, the Board affirmed an award of benefits and denied Old Ben Coal Company's motion for reconsideration. For the reasons that follow, we remand.

## I.

Lowell Mitchell, a coal miner for over thirty-five years, worked primarily above ground at an Old Ben Coal Company coal preparation plant. He retired from coal mining on

September 30, 1978, at age 65. In addition to his coal dust exposure, Mitchell smoked approximately one pack of cigarettes per day for almost 50 years. Mitchell initially filed his claim for benefits on January 22, 1980. Old Ben denied liability on several grounds. The DOL issued an administrative award of benefits on July 21, 1980, and sent the case to ALJ Neusner for trial, which was held on March 14, 1983. After a number of evidentiary challenges, the ALJ remanded to the DOL on August 30, 1983, for further proceedings.

Again before the DOL, Old Ben was given the opportunity to develop more fully the medical evidence, which resulted in the DOL issuing an order denying benefits. ALJ Gilday held a hearing reviewing this matter on April 22, 1986, and found that Mitchell successfully invoked the interim presumption [1] because the record, although filled with twenty-eight negative x-ray interpretations, contained seven x-ray readings concluding that Mitchell had pneumoconiosis. *See* 20 C.F.R. § 727.203(a). In reaching his determination, the ALJ apparently did not weigh the conflicting x-ray evidence, but rather relied on *Kuehner v. Ziegler Coal Co.*, 788 F.2d 439, 440 (7th Cir.1986), which endorsed *Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424 (4th Cir.1986), *rev'd Mullins Coal Co. v. OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), which held that one positive x-ray is sufficient to invoke the interim presumption. The ALJ also concluded that Mitchell did not invoke the presumption through pulmonary function and blood gas tests or through reasoned medical opinions. The ALJ then found that Old Ben successfully rebutted this presumption because Mitchell's respiratory impairment did not prevent him from doing his regular coal mine work. *See* 20 C.F.R. § 727.203(b)(2). The ALJ thus did not consider the bulk of Old Ben's evidence and did not address whether Mitchell actually suffered from pneumoconiosis, § 727.203(b)(4), or whether he had any work disability related at least in part to pneumoconiosis, § 727.203(b)(3). The ALJ affirmed the DOL's denial of benefits.

On appeal, the Board vacated the denial and remanded the case once again. In reaching this conclusion, the Board relied on dicta in *Wetherill v. OWCP*, 812 F.2d 376 (7th Cir.1987), parts of which we subsequently repudiated in *Freeman United Coal Min. Co. v. Foster*, 30 F.3d 834, 839 (7th Cir.1994) (hereinafter "*Foster*"), *cert. denied,* — U.S. ——, 115 S.Ct. 1399, 131 L.Ed.2d 287 (1995). The Board determined that rebuttal by the § 723.203(b)(2) method was unavailable if the miner was disabled, even if only by a non-respiratory impairment. The Board, over a dissent, directed the ALJ on remand to consider rebuttal only by the § 723.203(b)(3) method and, citing *Mullins Coal* for the proposition that when the presumption is invoked by x-rays there can be no rebuttal under § 727.203(b)(4), precluded the ALJ from considering that method.

On remand, Old Ben argued that even if *Wetherill* precluded § (b)(2) rebuttal, it could still establish rebuttal under §§ (b)(3) and (b)(4). The coal company further maintained that it was entitled to have the ALJ consider all the relevant evidence relating to Mitchell's medical condition because some of that evidence was not previously considered due to the ALJ's use of pre-*Mullins Coal* x-ray invocation rules. Mitchell disagreed, arguing that: (1) *Wetherill* precluded § (b)(2) rebuttal because Mitchell was totally disabled by heart disease; (2) § (b)(3) could not be met because under *Wetherill,* an unpublished Board decision, and an unpublished decision of this court, Old Ben failed to rule out that pneumoconiosis could have been a contributing cause of his disability; and (3) *Mullins Coal* precluded § (b)(4) rebuttal.

ALJ Gilday issued a decision and order on September 21, 1989, awarding benefits. The ALJ concluded that *Wetherill* prevented § (b)(2) rebuttal because of Mitchell's heart disease, and, along with the two unpublished decisions, precluded § (b)(3) rebuttal. The ALJ refused to consider the § (b)(4) rebuttal in light of *Mullins Coal.* The ALJ also awarded attorney's fees against Old Ben.

---

1. Although the Black Lung Amendments of 1977 repealed the "interim presumptions," the new criteria were not adopted until April 1, 1980, after Mitchell had filed his claim. For this reason, the interim presumptions, and not the new criteria, applied to Mitchell's case.

On appeal before the Board, Old Ben challenged the ALJ's § (b)(3) conclusions, arguing that the presumption had been invoked improperly using a just-overruled standard. The Board issued a decision and order on August 19, 1992, affirming both the benefits and attorney's fee awards. The Board did not consider Old Ben's proffered evidence that Mitchell did not have pneumoconiosis and concluded that the ALJ's refusal to find rebuttal by the third method was supported by substantial evidence and in accordance with the law. Specifically, the Board held that the ALJ could rely solely on the treating physician status of one of the reporting doctors in resolving conflicts in the medical evidence. The Board also affirmed the ALJ's findings as to §§ (b)(2) and (b)(4), but did not explicitly address the attorney's fees issue.

Old Ben then filed a motion for reconsideration, arguing that the ALJ erred: (1) by not considering whether the interim presumption was invoked in accordance with the *Mullins Coal* standard; (2) in precluding rebuttal by the § (b)(4) method by applying *Mullins Coal* favorably only for Mitchell; (3) by applying an incorrect legal standard in determining § (b)(3) rebuttal; (4) in relying on the opinion of Dr. Rosecan solely because he was Mitchell's treating doctor; and (5) in ignoring the attorney's fees appeal. The Board, on May 18, 1994, denied reconsideration after concluding that Old Ben had waived all of its arguments with respect to a recent Supreme Court decision dealing with the presumption. The Board also held that the ALJ could credit a treating physician over other doctors solely because of his status. Finally, the Board affirmed the award of attorney's fees. Old Ben filed this appeal.

## II.

■ Old Ben raises several issues on appeal. First, the coal company argues that the Board erred in refusing to apply current Supreme Court, Seventh Circuit and Board law regarding the invocation of the presumption in a fair and rational way. Second, Old Ben contends that the ALJ's analysis under § 727.203(b)(3) is inconsistent with existing law and must be vacated. Finally, Old Ben maintains that the Board erred in vacating

the ALJ's original rebuttal finding under § 727.203(b)(2). Although the case is a final decision of the Board, we review the ALJ's benefits decision to determine whether it is rational, supported by substantial evidence, and consistent with the governing law. *Blakley v. Amax Coal Co.*, 54 F.3d 1313, 1318 (7th Cir.1995); *Mitchell v. OWCP*, 25 F.3d 500, 504 (7th Cir.1994). Substantial evidence is "such relevant evidence as a rational mind might accept as adequate to support a conclusion." *Peabody Coal Co. v. Helms*, 859 F.2d 486, 489 (7th Cir.1988). We do not reweigh the evidence or substitute our judgment for that of the ALJ. Rather, we carefully review the record to insure that the ALJ considered all of the relevant medical evidence. *Blakley*, 54 F.3d at 1318; *Peabody Coal v. Vigna*, 22 F.3d 1388, 1394 (7th Cir. 1994). After that examination, we analyze the Board's decision to determine whether it adhered to its scope of review and whether it committed legal error. *Shelton v. Old Ben Coal Co.*, 933 F.2d 504, 506 (7th Cir.1991).

Old Ben claims that the Board erred in refusing to apply current law in a fair and rational way. Specifically, the coal company points to changes in Supreme Court and Seventh Circuit case law that were not applied by the Board. Old Ben asks us to remand to the Board and instruct it to apply the law now in effect with respect to invocation and rebuttal of the interim presumptions. Mitchell responds that Old Ben has waived many of its arguments relating to this issue because it first challenged the ALJ's findings on the invocation of the presumption in its motion for reconsideration.

■ As a preliminary matter, we address Mitchell's contention that Old Ben waived its arguments relating to *Mullins Coal* and the invocation of the presumption. Mitchell maintains that Old Ben failed to challenge the ALJ's § (a)(1) invocation either time it went before the Board on appeal and only raised the issue on reconsideration in its second appeal. The ALJ, on remand, noted that Old Ben had not challenged his prior finding of invocation under § (a)(1). Furthermore, the Board also concluded that Old Ben's only contention on the second appeal

was the adequacy of § (b)(3) rebuttal and not the ALJ's § (b)(2) rebuttal findings.

■ The record indicates, and Old Ben admits both in its briefs and at oral argument, that its advocacy and lawyering was unartful, "not complete competence," and "not complete perfection." Old Ben asserts, however, that *Mullins Coal* was not decided until December, 1987, after the ALJ had concluded that Mitchell successfully invoked the presumption. Mitchell maintains that in light of existing precedent in other circuits, and dicta in our circuit, "the argument ultimately accepted in *Mullins* was available to Old Ben prior to that decision." Although we generally deem arguments that parties fail to raise as waived, we recently concluded in the context of black lung litigation that where the Supreme Court decides a relevant case while litigation is pending, "[t]he employer's omission of an argument based on the Supreme Court's reasoning does not amount to a waiver...." *Consolidation Coal Co. v. OWCP*, 54 F.3d 434, 437 (7th Cir.1995) (emphasis added). Moreover, waiver "is a flexible doctrine, too, so that when all the claimant asks for is a remand to permit the agency to consider an intervening decision—a decision the agency couldn't have considered earlier—the doctrine does not stand in the way." *Freeman United Coal Min. Co. v. OWCP*, 957 F.2d 302, 304 (7th Cir.1992). Of course, a litigant cannot simply sit back, fail to make good faith arguments and then, because of developments in the law, raise a completely new challenge. In the instant case, Old Ben, like the employer in *Consolidation Coal*, "consistently challenged [Mitchell's] claim and the strength of the medical evidence," *id.*, and therefore did not waive this argument.

■ We now turn to the substantive issues. A miner is entitled to black lung benefits if: (1) he or she is totally disabled; (2) the disability was caused, at least in part, by pneumoconiosis; and (3) the disability arose out of coal mine employment. *See Mullins Coal*, 484 U.S. at 141, 108 S.Ct. at 431; *Amax Coal Co. v. Beasley*, 957 F.2d 324, 326 (7th Cir.1992). Section 203(a) of the Secretary of Labor's regulations governing claims filed between July 1, 1973 and April 1,

1980, provide that a claimant who was engaged in coal mine employment for at least 10 years qualifies for a presumption of eligibility for disability benefits if he meets one of four medical requirements: (1) a chest x-ray that verifies the presence of pneumoconiosis; (2) ventilatory studies that establish the presence of any respiratory or pulmonary disease of a specified severity; (3) blood gas studies that demonstrate an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, that establishes a totally disabling respiratory impairment. 20 C.F.R. § 727.203(a); *Mullins Coal*, 484 U.S. at 142 n. 10, 108 S.Ct. at 431 n. 10.

In making its 1986 determination, the ALJ found that Mitchell had invoked the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1) based on seven positive chest x-ray readings. The ALJ apparently did not weigh these findings against the twenty-eight negative x-ray interpretations or other medical evidence regarding Mitchell's condition. The ALJ instead based his decision on *Kuehner v. Ziegler Coal Co.*, 788 F.2d 439 (7th Cir.1986) and *Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424, 433 (4th Cir.1986), which concluded that "a single x-ray ... will clearly suffice to trigger the presumption."

While *Kuehner* and *Stapleton* were the law at the time of the ALJ's decision, they no longer have validity. The Supreme Court expressly rejected their single x-ray approach in *Mullins Coal.* 484 U.S. at 147, 108 S.Ct. at 433–34. *Mullins Coal*, decided in December, 1987, held that a single item of qualifying evidence is not always sufficient to invoke the presumption. Rather, the regulation requires the claimant to establish at least one of the qualifying elements by a preponderance of the evidence. *Id.* at 147–48, 108 S.Ct. at 433–34. In the instant case, while the ALJ looked to more than a single x-ray, and in fact viewed seven positive x-ray interpretations to reach his conclusions, he explicitly relied on the *Stapleton/Kuehner* language permitting sole reliance on just one. Because the ALJ may have relied on the now-invalid holding of *Stapleton* and dicta of

*Kuehner,* we remand for consideration of the presumption consistent with *Mullins Coal.*

We next turn to Old Ben's contentions regarding its rebuttal of this presumption. Once a black lung claimant establishes a presumption of total disability and entitlement to benefits, an employer may rebut the presumption by one of four methods. *See* 20 C.F.R. § 727.203(b)(1)–(4).[2] Old Ben maintains that it established rebuttal under § (b)(2) and § (b)(3) and that the ALJ erred in not so finding.

■ With regard to § (b)(3) rebuttal, the ALJ, relying on *Cantrell v. Old Ben Coal Co.,* BRB No. 85–2769 BLA (May 26, 1988), an unpublished decision of the Board, and *Winters v. Peabody Coal Co.,* 819 F.2d 1143 (7th Cir.1987) (Table, No. 86–1959), an unpublished order of this court, found that the employer's medical evidence "must rule out the 'possibility' that the miner's pneumoconiosis 'may be' a contributing cause to total disability . . . ." After deciding that Old Ben failed to present such evidence, the ALJ opined: "The shift from medical probability to medical possibility is indeed cause for bafflement and frustration. But, as some current Black Lung Benefits law aptly demonstrates, precedent is not deemed sophisticated or chic and common sense merits only a stranger's role." Old Ben challenges the ALJ's § (b)(3) rebuttal analysis, arguing that the ALJ applied a standard inconsistent with the law, and maintains that this standard makes rebuttal impossible because it requires an employer to completely rule out any medical possibility.

■ Subsequent to the ALJ's decision, we further examined the contours of § (b)(3) rebuttal. Section (b)(3) allows an employer to rebut the presumption by showing that CWP was not a "contributing cause" of the claimant's disability. *See Wetherill,* 812 F.2d

at 380. A "contributing cause" means coal dust exposure was a necessary, though not necessarily sufficient, cause of the miner's disability. *Beasley,* 957 F.2d at 327. Although we have previously noted that an employer must show that pneumoconiosis "was in no way related to the claimant's disability," *Freeman United Coal Min. Co. v. Benefits Review Board,* 912 F.2d 164, 172 (7th Cir.1990) (hereinafter *"Freeman"*), we more recently stated that "this does not mean that the employer must prove its rebuttal case beyond a reasonable doubt. Rather, the employer need only rule out CWP as a contributing cause by a preponderance of the evidence." *Beasley,* 957 F.2d at 327.

The question before us is whether the standard used by the ALJ complied with that of *Freeman* and *Beasley.* On its face, it appears not to. Moreover, even if we were to look beyond the ALJ's legal formulation and examine his analysis of the record in its totality, we could not conclude that the ALJ's approach is consistent with our case law. The ALJ's decision regarding § (b)(3) gives brief mention (two sentences) to the relevant medical evidence and, in light of his novel formulation of the § (b)(3) standard, we remand for consideration of our recent § (b)(3) jurisprudence.

Finally, Old Ben argues that the Board erred in vacating the ALJ's original rebuttal finding under section § (b)(2). The ALJ based this finding on compelling proof that Mitchell did not suffer from any disabling respiratory impairment, a determination that Old Ben insists is supported by substantial evidence. The Board, however, vacated this finding, concluding that *Wetherill* held that the absence of a respiratory disability was not enough to establish § (b)(2) rebuttal, and suggesting that rebuttal by this method was

---

2. This section provides:
   (b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
   (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or
(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

unavailable if the miner was disabled even by a non-respiratory impairment. Old Ben now argues that, in light of *Foster*, the Board's interpretation of *Wetherill* was incorrect and the ALJ's original rebuttal finding should be reinstated and affirmed.

In *Foster*, we addressed the question: "Is a coal miner, afflicted by non-disabling pneumoconiosis and disabled by an unrelated condition 'totally disabled due to pneumoconiosis' within the meaning of 30 U.S.C. § 902(f)(1)(A) and 921?" 30 F.3d at 835. We repudiated our previous *Wetherill* dicta and held that a miner whose pneumoconiosis was not disabling and who could have worked except for work-related back injury was not totally disabled by pneumoconiosis and was not entitled to benefits. Thus, we remand for reconsideration in light of *Foster*.

For the foregoing reasons, we REMAND the Board's order with instructions to apply the current law regarding invocation and rebuttal of the presumption of disability.