In the

# United States Court of Appeals
### For the Seventh Circuit

———

Nos. 04-1427 & 04-1645

EVALENE GULLEY,

*Petitioner /*
*Cross-Respondent,*

*v.*

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

*Respondent,*

and

SAHARA COAL TRUST,

*Respondent /*
*Cross-Petitioner.*

———

On Petition for Review of a Decision and Order of the
Benefits Review Board, United States Department of Labor.
BRB No. 03-BLA-123

———

SUBMITTED DECEMBER 6, 2004[1]—DECIDED FEBRUARY 8, 2005

———

Before EASTERBROOK, KANNE, and EVANS, *Circuit Judges*.

———

[1] On December 1, 2004, we granted a motion to waive oral
argument. The case, therefore, is decided on the briefs and the
record.

EVANS, *Circuit Judge*.   In October of 1976, blindness forced Denzle Gulley to stop working as a coal miner for the Sahara Coal Company. In 1977 he sought to recover disability benefits for black lung disease, also known as pneumoconiosis, under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Unfortunately, as is often the case, Gulley's petition for benefits survived him—he died in 1990. An administrative law judge (ALJ) eventually awarded benefits to Gulley's widow, Evalene, who we refer to by her first name as we move along. The award was then set aside by the Benefits Review Board of the Department of Labor (the Board). Evalene appeals from that determination.

Before addressing the merits, a procedural note. After Evalene filed her petition for review, Sahara filed its own separate cross-appeal. But § 921 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), incorporated by reference in the Black Lung Benefits Act, 30 U.S.C. § 932(a), authorizes a party to petition for review only if it is "adversely affected or aggrieved by a final order of the Board . . . ." Because Sahara was not injured by the Board's order, which overturned an award of benefits, Sahara cannot seek our review. *See Bath Iron Works Corp. v. Coulombe*, 888 F.2d 179, 180 (1st Cir. 1989) (per curiam). Accordingly, we dismiss Sahara's cross-petition for review, no. 04-1645, for lack of jurisdiction.

Gulley was a miner for 18 years. In 1976 he was blinded by a work-related accident, forcing him to retire at the age of 50. As a result of his condition, Gulley received social security disability benefits. He filed a claim for black lung benefits in 1977.

Proceedings on Gulley's claim traveled a tortuous procedural route. Gulley's petition was initially denied, followed by a confounding, 18-year administrative quagmire of motions and orders. Eventually, a third presiding ALJ

granted a request for modification and awarded Evalene survivor's benefits based on a change in conditions under 20 C.F.R. § 725.310 (2004). The Board reversed that decision.

On remand, the ALJ awarded Evalene benefits under the "interim presumption" regulatory scheme previously set forth in 20 C.F.R. § 727.203 (2000). *See Freeman United Coal Mining Co. v. Foster*, 30 F.3d 834, 835-36 (7th Cir. 1994). The ALJ concluded that Gulley established a presumption that he was totally disabled by pneumoconiosis based on his 18 years in the mine and an arterial blood gas result taken in 1984 that revealed a disabling pulmonary condition. *See* 20 C.F.R. § 727.203(a)(3) (2000). Further, she concluded that Sahara failed to rebut the interim presumption. *See id.* § 727.203(b). The Board again reversed, concluding that Sahara rebutted the interim presumption as a matter of law under § 727.203(b)(3) by establishing that Gulley's presumed black lung disease did not contribute to his disability from blindness. *See Peabody Coal Co. v. Vigna*, 22 F.3d 1388, 1395 (7th Cir. 1994). Nevertheless, the Board remanded, instructing the ALJ to consider whether Gulley established eligibility for benefits under the permanent eligibility regulations found in 20 C.F.R. § 718 (2004). *See id.* § 727.203(d) (claimant who fails to establish eligibility under interim presumption scheme may do so under § 718); *Strike v. Director, OWCP*, 817 F.2d 395, 399 (7th Cir. 1987).

In September of 2002, the fourth ALJ to consider the petition again awarded benefits. He concluded that Gulley's 18 years in a mine, two positive chest X-rays (one from June of 1977, the other from April of 1982), and the positive arterial blood gas test result, created a presumption that he was totally disabled by pneumoconiosis under § 718.305(a) (2004). The ALJ further concluded that Sahara failed to rebut the presumption and accordingly awarded benefits retroactive to May of 1977. The Board reversed. Citing *Foster*, *Vigna*, and *Kennellis Energies, Inc. v. Hallmark*, 333

F.3d 822, 829 (7th Cir. 2003), it concluded that recovery was precluded because Gulley was totally disabled by a condition other than pneumoconiosis:

> In this case, the record indicates that the miner became totally disabled by blindness on or about October 22, 1976. The record contains no evidence establishing a nexus between the miner's presumed condition as of July of 1984 based upon the arterial blood gas study, and his total disability which occurred in 1976. Because the record demonstrates that the miner's total disability was caused by blindness in 1976, prior to his presumed total disability due to pneumoconiosis, entitlement is precluded as a matter of law.

(Citations omitted.) The Board later denied Evalene's request for reconsideration.

In black lung benefits cases, we review the ALJ decision, not the Board's, to ensure that it is rational, supported by substantial evidence, and consistent with governing law. *Peabody Coal Co. v. Estate of Goodloe*, 299 F.3d 666, 670 (7th Cir. 2002). This is true even where the Board has overturned the ALJ decision. *Lovilia Coal Co. v. Williams*, 143 F.3d 317, 322 (7th Cir. 1998). If the ALJ decision is supported by substantial evidence and in accordance with the law, we must reverse the Board's decision even if that decision is itself supported by substantial evidence. *Old Ben Coal Co. v. Prewitt*, 755 F.2d 588, 589 (7th Cir. 1985). Though we defer to the ALJ's factual determinations, we review questions of law *de novo*. *Zeigler Coal Co. v. Director, OWCP*, 326 F.3d 894, 897 (7th Cir. 2003).

On appeal, Evalene urges that the ALJ got it right by concluding that Gulley was still eligible for black lung benefits under §§ 727 and 718 despite his disabling blindness. We do not agree. The interim regulations promulgated in former § 727.203 (2000) apply because Gulley's petition

was filed between July 1, 1973, and April 1, 1980. *Zeigler Coal Co. v. Kelley*, 112 F.3d 839, 842 (7th Cir. 1997); *Old Ben Coal Co. v. Director, OWCP*, 62 F.3d 1003, 1007 (7th Cir. 1995); *Foster*, 30 F.3d at 835; *Vigna*, 22 F.3d at 1393; *Old Ben Coal Co. v. Battram*, 7 F.3d 1273, 1275 (7th Cir. 1993). Under these interim regulations, Gulley cannot recover benefits if he was totally disabled by an unrelated, nonpulmonary condition notwithstanding his probable pneumoconiosis. *See Foster*, 30 F.3d at 839; *Vigna*, 22 F.3d at 1395; *Patrich v. Old Ben Coal Co.*, 926 F.2d 1482, 1489 (7th Cir. 1991). And it is undisputed that Gulley was forced to stop working because of blindness, not black lung disease; therefore, recovery is precluded under § 727.203(b)(3).

Evalene cannot prevail under the permanent eligibility regulations contained in § 718 for the same reason. The standard for rebutting the presumption that pneumoconiosis caused a miner's disability under that regulation mirrors that of § 727.203. *See Kennellis Energies*, 333 F.3d at 839 (applying *Vigna* to § 718 analysis); *Patrich*, 926 F.2d at 1490 (rebuttal standards are the same under §§ 718.305(a) and 727.203). That is, if another ailment, unrelated to coal dust exposure, caused the disability, the claimant cannot recover black lung benefits. And here, blindness was the sole cause of Gulley's disability— his presumed pneumoconiosis played no role in his inability to work, which precludes recovery under § 718. *Patrich*, 926 F.2d at 1490; *see also Shelton v. Director, OWCP*, 899 F.2d 690, 693 (7th Cir. 1990) (pneumoconiosis must be necessary condition for miner's disability under § 718).

Evalene argues that she was entitled to benefits under an amended version of § 718.204(a), which became effective in January of 2001, and under this court's recent decision in *Midland Coal Co. v. Director, OWCP*, 358 F.3d 486 (7th Cir. 2004). Under § 718.204(a), black lung benefits may be awarded based only on whether the miner was totally

disabled by pneumoconiosis, without regard to any other nonpulmonary condition that may have left him otherwise disabled. *See Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 864 (D.C. Cir. 2002). Thus, this new regulation excludes all evidence of nonpulmonary or nonrespiratory disease in making the disability determination. *See Midland Coal*, 358 F.3d at 495. If this new regulation applies, Gulley's blindness would not preclude an award of black lung benefits. *Kennellis Energies*, 333 F.3d at 829. But as the Board correctly noted, § 718.204(a) does not apply in this case. The Department of Labor made this clear by specifying that the amended regulation applies only to claims filed after January 19, 2001. *See* 20 C.F.R. § 718.2 (2004); 68 Fed. Reg. 69935 (Dec. 15, 2003).

Evalene also cannot prevail under *Midland Coal*. In that case, we analyzed a petition under § 718 and concluded, among other things, that a miner is entitled to benefits if he "suffers from multiple conditions, including those related to exposure to coal dust and those that are not, that are each independently sufficient to render the miner totally disabled." *Midland Coal*, 358 F.3d at 496. Evalene claims that Gulley suffered from two independent disabilities, blindness and pneumoconiosis, and that the former does not preclude recovery for the latter under this case. The problem with this contention is that there is no evidence that Gulley's presumed pneumoconiosis played any factor in his inability to work. As the Board correctly noted, Gulley's disability was caused solely by blindness; it is undisputed that exposure to coal dust played no role in his leaving work after his accident in 1976.

Accordingly, we AFFIRM the Board's judgment in case no. 04-1427 and DISMISS the appeal in no. 04-1645.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*